Brockenbrough, J.
In the case of Attoo v. The Commonwealth, 2 Virg. Ca. p. 382. it was decided, that where a new statute prescribes a new punishment for an offence, which had been previously punishable otherwise, and the new statute repeals all laws which come within its purview, but does not provide that offences committed before the operation of the new law, shall be punished under the old, such repeal operates as a discharge of all such offenders. But that case is very different from this. There the law repealed and annulled the punishment enacted before that time against the offenders: here the act of 1827-8 does not, either expressly or impliedly, repeal the previous punish *571 ment prescribed by the act of 1822-3, except in the case of future offences. There is no repealing clause in the act of 1827-8; and although the principle is correct that leges posteriores priores abrogant, yet they only abrogate them from the time that the latter law is passed, or goes into effect. The principle on which this rule prevails, is, that the latter statute being incompatible with the former, they cannot exist together, and the latest expression of the will of the legislature is the law. But there is no incompatibility in the statutes now under consideration. A punishment affixed to an offence prior to the 1st May 1828, is not incompatible with a different punishment, either lighter or more severe, affixed to the same offence subsequent to that date. They may both well stand together. The punishment prescribed by the act of 1827-8 being different from that prescribed by the act of 1822-3, is certainly an implied repeal of it as to new offences from the time it goes into effect; but by the very terms of the law, the new punishment is only applied to the offences happening after the 1st May 1828, leaving the old punishment to be applied to the of-fences happening before that day. In the case of the Commonwealth v. Wyatt, 6 Rand. 694. this principle was taken for granted, and a judgment was rendered against him under the act of 1822-3; which could not have been done, if that act were not still in force as to offences happening before the act of 1827-8.
Therefore, the court is of opinion and doth decide, that the 4th section of the act passed February 26. 1828, entitled “ an act to alter and amend the laws against the keepers and exhibitors of certain unlawful games,” doth not repeal the 17th section of the act entitled “ an act to reduce into one the several acts and parts of acts to prevent unlawful gaming,” nor the act passed the 21st day of February 1823, entitled “ an act farther to amend the penal laws of the commonwealth,” as to offences committed against the 17th section of the aforesaid act prior to the 1st May 1828.