RIEjUD, J.,
delivered the opinion of the court. This court concurs in opinion with the circuit court, that, as to the offence committed by the prisoner, the revised statute of 1819, 1 Rev. Code, ch. 171, ‘i 6, defining grand larceny, and prescribing the punishment of the offence, was not repealed by the statute of March 1824, Sess. Acts of 1823-4, ch. 10, & 11. The latter statute enacts, that “if any free white person, after the 1st May 1824, shall be guilty of simple larceny of goods &c, to the value of ten dollars and upwards, and shall be thereof duly convicted, he shall, in all respects, be subject to the same sentence and punishment, as is now prescribed by law for white persons guilty *of larceny of goods of four dollars and upwards.” There is no repealing clause in this statute : so that, if it has the effect of repealing the former law, it is by implication. As to offences committed after the new statute went into operation, the old law was undoubtedly repealed: every affirmative statute is a repeal, by implication, of a precedent affirmative statute, so far as it is contrary thereto: leges posteriores priores contrarias abro-gant. But subsequent statutes, which add accumulative penalties, and institute new methods of proceeding, do not repeal former penalties and methods of proceeding, ordained by preceding statutes, without negative words: neither hath a latter statute ever been construed to repeal a-prior statute, unless there be a contrariety or repugnance in them, or at least some notice taken in the latter statute of the preceding one, so as to indicate an intention in the law makers to repeal it. 6 Bac. Abr. Statute D. p. 372, 3. The act of March 1824 applies exclusively to offences committed after the 1st day of May following: as to offences committed prior to that time, it leaves the revised statute of 1819 in full force. Allowing the two statutes to have this effect, is there any contrariety or repugnance between them? This court thinks not. The question is not new here. A similar one arose in Wyatt’s case, 6 Rand. 694, and in Pegram’s case, 1 Leigh, 569, which were prosecutions under the statutes to prevent unlawful gaming. In both cases, the court held, that the former laws had not been repealed by the latter, as to offences committed prior to the time when the latter went into operation. The question now before us does not differ materially from that decided in those cases. It is true, we are directed to construe the statutes against unlawful gaming remedially: but, if the question to be decided be not one of construction, but whether the law be in force or repealed, the rule is alike in all cases, whatever may be the degree or nature of the crime or offence punishable by such law, if in force.
But, we think, the circuit court ought to have set aside the verdict against the prisoner, and ordered a new trial. *The charge given by the clerk to the jury was erroneous, and was well calculated to mislead them, as to the legal term of imprisonment. It was equivalent to an instruction from the court: it was given by an officer of the court, in the usual course of his duty, in the presence and hearing of the court; and, not having been corrected by the court, must be regarded as having been sanctioned by it. What effect it had, does not appear from any thing in the record. But it may have induced the jury to agree upon the term of two years for the prisoner’s confinement in the penitentiary, believing that to be the minimum, when, if they had been correctly informed of the law, they might have ascertained his im *490 prisonment to be one year only. This error was not corrected by what was done by the attorney for the commonwealth. The power of pardon was not in his hands. His waving and remitting one year of the term, was a void act, and ineffectual to any purpose. It left the verdict intire; and being intire, the judgment rendered by the court was not according to the verdict.
The judgment is, for this reason, reversed ; and the cause remanded to the circuit court for a new trial to be had of the case.