† STATE OF MAINE *versus* NUTTING.

A motion to quash an indictment based upon proof to be produced, without its production, is unavailable.

If, during the trial, the attorney for the State obtains leave of the Court to enter a *nolle pros.* to a portion of the indictment, he may at the same trial, if the rights of the respondent are not prejudiced by his dismissal of any witnesses, by leave of the Court, have that entry withdrawn, and proceed upon the whole indictment.

To the answer of a witness responsive to a question put without objection, no exceptions can be taken.

ON EXCEPTIONS from *Nisi Prius,* TENNEY, J., presiding.

INDICTMENT. It contained but one count charging the respondent with the crime of adultery with one A. M., a married woman. It also alleged the respondent to be her father, and that the parties were within the degrees of consanguinity, within which marriages by the law of this State, are incestuous and void.

Before pleading to the indictment a written motion in abatement was presented, because it was not signed by the foreman of the grand jury. (The one first chosen had resigned and another was appointed in his place, who had officiated at the finding of the indictment and signed the bill.)

To this motion a counter statement of the above facts was presented by the attorney for the county, and no evidence was offered in support of it by the respondent.

This motion was overruled.

The respondent also moved to quash the indictment, as there was only one count; and in it, (as he alleged,) were charged two offences, viz, adultery and incest.

The county attorney obtained leave of Court, against the objection of respondent, to enter a *nolle pros.* as to the substantive charge of adultery; and at the request of defendant's counsel, the following entry was made on the docket. — " *Nol. pros.* to all the charges of adultery against the defendant."

After this entry, and another motion of defendant, as to the insufficiency of the indictment, was overruled, the county attorney had leave to strike out the docket entry, against defendant's objections, and to proceed upon the indictment as returned by the grand jury; it appearing, that no witnesses had been discharged by the respondent.

In the course of the trial, one witness testified, that while she was at work at defendant's house, he and his daughter rode away one day in a chaise, and that afterwards, in referring to that time, he said something of an improper connexion between them; that he had his will of her; and on cross-examination she said this was spoken in a sporting, laughing way.  When the direct examination was resumed, the witness, in answer to a question by the government, said the respondent had been drinking, but she thought he meant what he said.

The jury returned a verdict of guilty, and the respondent excepted to the rulings and instructions given, but the objections to the instructions were waived.

*J. H. Webster*, in support of the exceptions.

*D. D. Stewart*, County Att'y of Somerset, (the Att'y General having been of counsel for defendant,) *contra*.

APPLETON, J. — The defendant filed a motion to abate the indictment for causes therein set forth, and offered to substantiate the facts upon which the motion rested, by evidence derived from the records of this Court, and from the

State *v.* Nutting.

testimony of witnesses. The case finds that no proof was offered to establish the facts alleged by the motion to exist. The motion was accordingly overruled, and it is difficult to perceive how the presiding Judge could have done otherwise than overrule it, since it was wholly unsustained by proof.

It seems that leave was granted the county attorney upon his motion, to enter a *nol. pros.* as to certain portions of the indictment, and the same was entered on the docket. Subsequently, during the progress of the trial, the attorney moved the Court that this entry on the docket should be stricken off, which the presiding Judge permitted to be done.

It is now insisted that as a *nol. pros.* had been entered as to part of the indictment, that the government was estopped thereby, and could not further proceed upon the indictment as originally found.

A *nol. pros.* is no bar to another indictment. According to the English authorities, it would seem that it does not even prevent the arrest and trial of the accused at a subsequent term, upon the indictment as to which it has been entered. Com. Dig., Indictment, K. "So the Attorney General may enter a *nolle prosequi*. But it does not discharge the crime." Salk. 21; Mod. Ca. 261. "And afterward there may be other process upon the same indictment." Per HOLT, C. J., Salk. 21; Mod. Ca. 261. "A *nol. pros.* in criminal proceedings," remarks NASH, J., in *State* v. *Thornton*, 13 Iredell, 257, "is nothing but a declaration on the part of the prosecuting officer that he will not at that time prosecute the suit further. Its effect is to put the defendant without day, that is, he is discharged and permitted to leave the Court without entering into a recognizance to appear at any other time; but it does not operate as an acquittal, for he may afterwards be again indicted for the same offence, or fresh process may be issued against him upon the same indictment and he be tried upon it."

In the case at bar the motion, to the allowance of which exceptions are alleged, was made while the cause was on trial

and the prisoner was in custody. His witnesses had not been discharged. No rights had been impaired. He came prepared to meet the indictment as it had been originally found. He was tried on the indictment as thus found. In civil cases, if leave to' enter a *nolle pros.* is improvidently granted, it may be set aside on motion. *Cate* v. *Pecker*, 6 N. H. 417. There seems no good reason why the motion of the attorney for the government should not have been granted, and in granting it the Court took especial care that the prisoner should not suffer therefrom in his defence.

It is not necessary to determine what would have been the result had the prisoner been discharged from custody, nor whether a new capias might have properly issued to bring him in at a subsequent term to be tried upon an indictment upon which a *nolle pros.* has been entered.

When the question proposed is improper, in seeking to obtain testimony which by the rules of law is inadmissible, objections should be seasonably taken thereto. It is not for counsel to wait till the answer is made, and if unfavorable, then to interpose objections and otherwise not to object. If the answer be given before time for an objection, or if the answer is not responsive to the question and is inadmissible, the proper course is to move to have the answer stricken out or that the jury be instructed to disregard it. Neither course was adopted here. If the answer, to which exceptions are taken, were to be regarded as not strictly in accordance with the law, it is responsive to a question put without objection.

The other grounds of exception are not relied upon by counsel, and are without foundation.

*Exceptions overruled and judgment on the verdict.*