## MILES (FREEDMAN) *vs.* THE STATE.

[INDICTMENT FOR BURGLARY.]

1. *Act of December 15, 1865, "more effectually to prevent the offenses of grand larceny, arson, and burglary"; constitutionality of.*—The act approved December 15, 1865, entitled "An act the more effectually to prevent the offenses of grand larceny, arson, and burglary," (Session Acts, 1865-6, p. 116,) is not violative of the constitutional provision (art. iv, § 2) which declares, that "each law shall embrace but one subject, which shall be described in the title."

2. *Same, held applicable only to future offenses.*—The said act of December 15, 1865, does not repeal by implication section 3184 of the Code, as to offenses committed prior to its passage, but applies only to offenses afterwards committed, leaving prior offenses to be punished by the old law.

FROM the Circuit Court of Lowndes.
Tried before the Hon. F. BUGBEE.

THE indictment in this case was found on the 26th October, 1865, and charged the prisoner, Stephen Miles, a freedman, with feloniously breaking and entering "a smokehouse, a building within the curtilage of the dwelling-house of Aquilla Miles, but not forming a part thereof, with intent to steal," and stealing therefrom one thousand pounds of bacon, of the value of three hundred dollars. The defendant pleaded not guilty, without objection to the indictment; and was tried at the May term, 1866. On the trial, as the bill of exceptions shows, it was proved that the offense was committed on the night of the 3d September, 1865. The defendant asked the court to instruct the jury, that if they believed, from the evidence, that the offense was committed on that night, "yet the defendant can not be found guilty and convicted, because there is no law in existence under which he can legally be punished." The court refused this charge, and the defendant excepted to its refusal. The jury returned a verdict of guilty, and the court thereupon sentenced the defendant to four years' imprisonment in the penitentiary.

W. F. WITCHER, and R. H. DAWSON, for the defendant, contended—1st, that the act approved December 15, 1865, entitled "An act the more effectually to punish the offenses of grand larceny, arson, and burglary," repealed by implication section 3184 of the Code, and other laws prescribing the punishment of the prescribed offenses; citing the following authorities: 1 Bishop on Criminal Law, 91–2, § 205; *Whitworth v. The State*, 8 Porter, 434; *Smith v. The State*, 1 Stewart, 506; *The State v. Jordan*, 15 Ala. 746; *Wyman v. Campbell*, 6 Porter, 219; 2 Bibb, 96; 1 Ham. (Ohio) 10; 4 Wash. C. C. 691.

2. That section 3184 of the Code being thus repealed, and the repealing law containing no exception or saving clause as to past offenses, there could be no conviction under the repealed law.—*Freeman v. The State*, 6 Porter, 372; *Yeaton v. United States*, 5 Cranch, 281; *Allaire v. The State*, 14 Ala. 435.

3. That the said act of December 15, 1865, is not unconstitutional; that it relates to but one subject—*i. e.*, the prevention of the specified offenses, and that subject is distinctly stated in the title.—*Ex parte Pollard*, at the present term.

JOHN W. A. SANFORD, Attorney-General, *contra*.—1. The act approved December 15, 1865, relates to several distinct subjects, and is, therefore, violative of the second section of the fourth article of the constitution.—*Davis v. The State*, 7 Maryland, 161. This provision of our constitution having been taken from that of Maryland, it should receive the same judicial construction.—4 Cal. 46. This law being void, the prisoner was properly convicted under section 3184 of the Code, which was of force at the time of the commission of the offense, and at the time of the trial.

2. If the said act of December 15, 1865, be held valid, it must be applied only to offenses committed after its passage, leaving prior offenses to be punished under the former laws. This construction gives effect to every word of the statute, reconciles two affirmative statutes, avoids the repeal of a former law by implication, by which a number of criminals would be released, and accords with the decisions.—*Com-*

*monwealth v. Pegram*, 1 Leigh, 569; *Commonwealth v. Allen*, 2 Leigh, 727; *Commonwealth v. Pitman*, 2 Rob. Va. 800; *Gilman v. Shuter*, 2 Lev. 227.

JUDGE, J.—The prisoner was indicted for burglary, under section 3183 of the Code, which defines that offense in this State. Section 3184, at the time the indictment was found, prescribed the punishment for the offense, and is as follows: "Any person who commits the crime of burglary, on conviction, must be imprisoned in the penitentiary, not less than three, or more than fifty years."

An act of the legislature, approved December 15, 1865, "the more effectually to prevent the offenses of grand larceny, arson, and burglary," is as follows: "Be it enacted," &c., "that from and after the passage of this act, any person, or persons, who shall be guilty of the offense of grand larceny, arson, or burglary, on conviction thereof, shall suffer death, or be imprisoned in the penitentiary for any period not less than five years, at the discretion of the jury trying the same."—Acts 1865–6, p. 116. It is contended, that this act embraces more subjects than one, and that, consequently, by the latter clause of the second section of the fourth article of the State constitution, it is void.

The act embraces but the *single subject* of the *prevention* of the offenses therein named; and this subject is sufficiently described by its title, which is, "An act the more effectually to prevent the offenses of grand larceny, arson, and burglary."—See *Ex parte Pollard*, and *Ex parte Woods*, at the present term. The case of *Davis v. The State*, 7 Maryland, 151, does not militate against this view, as is supposed, but, on the contrary, is in accordance with it.

2. In behalf of the prisoner, it is contended, also, that the act of December, 1865, repealed section 3184 of the Code, without a saving clause as to offenses committed prior to the repeal; and that, consequently, there was at the time of the trial no law under which the prisoner could have been punished. The act makes no change in the character of the offense, as it is defined in section 3183 of the Code; it simply changes the punishment provided by section 3184. There is no repealing clause in the act, and

3

if the former law is repealed, it is by implication only. We admit the rule to be, that every affirmative statute is a repeal, by implication, of a precedent affirmative statute, so far as it is contrary thereto. "But subsequent statutes, which add accumulative penalties, and institute new methods of proceeding, do not repeal former penalties and methods of proceeding ordained by preceding statutes, without negative words; neither hath a latter statute ever been construed to repeal a prior statute, unless there be a contrariety or repugnance in them, or, at least, some notice taken in the latter statute of the preceding one, so as to indicate an intention in the law-makers to repeal it."—*Allen's case*, 2 Leigh, 727, and authorities there cited. Repeals by implication are not favored. When the legislature intend to repeal a statute, we may, as a general rule, expect them to do it in express terms, or by the use of words which are equivalent to an express repeal. *No court will, if it can be consistently avoided, determine that a statute is repealed by implication.*—*Ludlow's Heirs v. Johnston*, 3 Ohio, 553. When two affirmative statutes exist, one is not to be construed to repeal the other, by implication, *unless they can be reconciled by no mode of interpretation.*—*Dodge v. Grindley*, 10 Ohio, 178.

Section 3184 of the Code, and the act of December, 1865, being both affirmative statutes, when does the contrariety or repugnance in them effect a repeal of the former by the latter? The latter statute has operative effect, only as to the offenses named therein, *when committed subsequent to its passage.* It can not have retrospective operation; its language and the constitution both alike forbid it. There is no conflict in the two statutes, then, as to the offenses named, when committed *prior* to the enactment of the latter statute; and, consequently, as to the offenses thus committed, there is no repeal by the latter of the prior law. To this extent, the two may well stand together; but, when the field of operation becomes entirely covered by the latter statute, the former is repealed by the repugnance in the two, by analogy to a principle in nature, that no two things can occupy precisely the same space at the same period of time.

We recognize the correctness of the rule, that "the legis-

Miles (afreedman) v. The State.

lative intent must, in some way, appear affirmatively on the face of the new statute, to be strictly construed, that former offenses be prosecuted or punished under the former provision, or it will not so operate."—1 Bishop's Criminal Law, § 217. Such intent, we think, is sufficiently shown on the face of the act of December, 1865. As we have before stated, no repeal is made therein of the former statute, nor is any direct notice taken of it; and repugnance to the former law seems to have been guarded against, by the use of words expressly limiting the operation of the act to the future. It may be said, however, that the words, "*from and after the passage of this act*," which thus confine it in its operation, are surplusage; that the prohibition of the constitution against the passage of *ex-post-facto* laws, would have effected the same purpose. In so far as regards the application of the act in the infliction of punishment, this is true; but the constitutional prohibition would not have prevented a *repeal* of the former statute as to past offenses, by repugnance; and hence, repugnance as to these was guarded against and prevented, by the use of the words quoted, which perform the office of a saving clause.

Our conclusion is, that the act of December, 1865, does not repeal the previous punishment prescribed by section 3184 of the Code, except in the case of future offenses; and this conclusion is fully sustained by authority.—*Commonwealth v. Pegram*, 1 Leigh, 569; *Allen v. Commonwealth*, 2 Leigh, 727; *Pitman v. Commonwealth*, and *Wright v. same*, 2 Robinson's Va. Rep. 800.

There is no error in the record, and the judgment of the circuit court is affirmed.