## William Watson

*v.*

## The People of the State of Illinois.

*Filed at Springfield November 1, 1890.*

1. Criminal law—"*Habitual Criminal act*"—*second or third offense—prior conviction—allegations and proofs.* The act of June 23, 1883, prescribing the punishment in case of a second and third conviction for an offense of like character, expressly provides that the former conviction and judgment shall be set forth in apt words in the indictment, and this, like any other material allegation, must be proved as alleged. It is error to instruct the jury to fix the punishment of one convicted of burglary at twenty years, without regard to the fact whether there is any proof of a former conviction or not.

2. The first and second counts of an indictment charged simply a burglary, while the third charged a burglary and a previous conviction for burglary. The court instructed the jury to fix the defendant's imprisonment in the penitentiary at twenty years, if they should find him guilty of the offense charged in the first count and that he had been previously convicted of burglary : *Held,* that as the first count charged no former conviction the court erred in giving the instruction.

3. Same—*indictment—several counts.* Where an indictment contains several counts, each count is to be treated as a separate charge, and must be complete within itself, except that for some allegations subsequent counts may refer to the first or former count.

Writ of Error to the Circuit Court of McLean county; the Hon. Alfred Sample, Judge, presiding.

The plaintiff in error, William Watson, was indicted by the grand jury of McLean county, Illinois, at the February term, A. D. 1890, for the crime of burglary.  The indictment contains four counts.  The first count charges "that William Watson, late of said county, on the 26th day of March, in the year of our Lord one thousand eight hundred and eighty-nine, at and within the said county of McLean and State aforesaid, the dwelling house of Frank Bean, there situate, willfully, maliciously, forcibly, feloniously and burglariously did break

and enter, with intent the goods and chattels of Mary Watson in said dwelling house then and there being found, feloniously to take, steal and carry away, and one gold ring, with amethyst setting, of the value of $20, of the goods and chattels of the said Mary Watson, in said dwelling house then and there being found, did feloniously take, steal and carry away, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the same People of the State of Illinois." The second count is the same as the first; except that it charges the entry to have been made without force, the doors and windows of the house being open. It concludes the same as the first. Then follows a third count, beginning, "and the grand jurors aforesaid, chosen, selected and sworn, in and for the county of McLean, etc., upon their oaths aforesaid, do further present, that heretofore, to-wit, at the term of the circuit court of McLean county, in the State of Illinois, begun and holden at the court house in Bloomington, within and for said county and State, on the second Monday of September, 1885, one William Watson was indicted," etc., setting out an indictment for burglary, containing two counts, and averring a conviction, and sentence to the penitentiary thereon. It then avers that the said William Watson, being the same William Watson who was so convicted and sentenced, as aforesaid, after said conviction and sentence, to-wit, on, etc., at, etc., the dwelling house of Frank Bean broke and entered, etc., charging the crime of burglary. The fourth count seems to be an exact copy of the second.

At the trial, the court, at the request of the prosecution, gave the following instruction, numbered 22:

"If the jury believe, from the evidence, beyond a reasonable doubt, that the defendant committed the crime charged in the first count of the indictment, in manner and form as therein charged; and if you further believe, from the evidence, beyond a reasonable doubt, that the defendant was indicted by the grand jury of this county, in September, 1885, for the crime

of burglary and larceny, and that in November, 1885, the defendant pleaded guilty to said crime of burglary and larceny, and was by this court sentenced to the penitentiary for a term of two years; and if you further believe, from the evidence, beyond a reasonable doubt, that the defendant went to the penitentiary on said sentence, then, in such case, you should find the defendant guilty, *and fix the term that he shall serve in the penitentiary at twenty years."*

Also, the following instruction:

"If you find the defendant guilty under the first count, for burglary, charging former conviction, say, 'We, the jury, find the defendant guilty in manner and form as charged in the first count of the indictment, *and fix the time he shall serve in the penitentiary at twenty years."*

The jury returned the following verdict: "We, the jury, find the defendant guilty *in manner and form as charged in the first count of the indictment, and fix the time he shall serve in the penitentiary at twenty years."*

Motions for a new trial and in arrest of judgment being overruled, and sentence pronounced on the verdict, the defendant prosecutes this writ of error.

Mr. Thomas F. Tipton, for the plaintiff in error:

The first count of the indictment is an ordinary count for burglary and larceny, which, in legal effect, charges but one offense—that of burglary. Wharton on Crim. Law, sec. 417; *Joslyn* v. *Commonwealth*, 8 Metc. 236.

Where the jury find the defendant guilty on one count, and say nothing as to the other counts, this is equivalent to a verdict of not guilty as to such other counts. *Weinzorflin* v. *State*, 7 Blackf. 186; *Morris* v. *State*, 8 S. & M. 762; *State* v. *Phinney*, 42 Me. 384; *Rex* v. *Cradock*, 2 Den. Crown Cases, 31; *Commonwealth* v. *Hernet*, 2 Vig. Cas. 235; *People* v. *Gilmore*, 4 Cal. 376; *State* v. *Smith*, 33 Mo. 139; *State* v. *Mahling*, 1 Iowa, 239; *State* v. *Ross*, 29 Mo. 32; *State* v. *Martin*, 30 Wis.

216; *State* v. *Hill,* id. 416; *State* v. *Biedim,* 33 id. 120; *Stoltz* v. *People,* 4 Scam. 168; *Brennan* v. *People,* 15 Ill. 517; *Barnett* v. *People,* 54 id. 325; *Logg* v. *People,* 8 Bradw. 99.

The effect of the verdict was to put the second, third and fourth counts as completely out of the indictment as though such counts had never been found by the grand jury. *Logg* v. *People,* 8 Bradw. 99; *Mount* v. *State,* 14 Ohio, 295; *Shepherd* v. *People,* 24 N. Y. 406; *State* v. *Martin,* 30 Wis. 223; *People* v. *Gilmore,* 4 Cal. 276; *Hunt* v. *State,* 25 Miss. 378; *Campbell* v. *State,* 9 Yerg. 333; *Jones* v. *State,* 13 Texas, 168; *State* v. *Ross,* 29 Mo. 32; *Morris* v. *State,* 8 S. & M. 762.

Nor can he again be tried on the second, third and fourth counts of the indictment. *Logg* v. *People,* 8 Bradw. 89; *Brennan* v. *People,* 15 Ill. 517; *Barnett* v. *People,* 54 id. 325.

The Habitual Criminal act of 1883 provides that the former conviction or convictions must be set forth in apt words in the indictment. This evidently means that it must be set forth in apt words in each count of the indictment on which a conviction under the act is sought. For illustration: Suppose that the former conviction should be set forth in apt words in a count otherwise defective, can the party be convicted under the act under another and otherwise sufficient count, as in the case at bar the court instructed the jury, that if they should find the defendant guilty under the first count, in which there is no reference to the former conviction, they will fix his punishment at twenty years in the penitentiary? It can not be that there can be a conviction, under this statute, on a count making no reference in apt words to the statute, simply because there may be a reference to the statute in some other count in the indictment. In other words, it is not sufficient to set forth the former conviction in one of the counts, and then ask for a conviction on another of the counts. It must be set up in each of the counts, and there can not be a lawful conviction under this statute on a count making no reference to a former conviction.

Mr. GEORGE HUNT, Attorney General, Mr. E. H. MINER, State's Attorney, and Mr. E. O'CONNELL, Assistant State's Attorney, for the People, commented on the facts and the authorities cited by the plaintiff in error, and contended that the reference to the former conviction in the second and third counts belongs to each count of the indictment.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

It is impossible to sustain this conviction without disregarding well established rules of law applicable to criminal trials. As will be seen from the foregoing statement, the attention of the jury was specially directed to the first count of the indictment by the twenty-second instruction, and they were directed to fix the prisoner's term in the penitentiary at twenty years, if they found he committed the crime charged in that count. It is true, it requires the jury to also believe, from the evidence, that the defendant had been previously convicted of the crime of burglary and larceny, and sentenced to the penitentiary; but it does not require that belief to be based on any charge made in the first count, or, in fact, any count of the indictment. The first count does not charge a former conviction. It is an ordinary count for burglary, and upon a conviction under it the jury could fix the punishment at confinement in the penitentiary for any number of years not less than one or more than twenty. It was therefore error to instruct it to fix the term absolutely at twenty years, if the conviction was based on that count.

It is said, however, that the allegation of former conviction may be referred to and treated as a part of the first count. This position can not be maintained. By all the rules of criminal pleading, where an indictment contains several counts each count is to be treated as a separate charge, and must be complete within itself, except that for some allegations subsequent counts may refer to the first or former counts. Here,

however, there is no attempt to make any allegation in the indictment a part of the first count, except that which expressly appears in it. It can not be seriously contended that this indictment does not contain four separate and distinct counts, the third of which alone charges a former conviction. The pleader very properly put in these several counts, so that if his proof failed to meet the third, he might convict on either the first or second; and after the proof was in, he evidently intended to insist upon a verdict on the one charging the former conviction, but by mistake wrote "first count" in his instructions instead of "third count." The effect of that mistake can not be avoided by now attempting to make the first count charge that which it does not, and which, manifestly, it was not intended to charge.

But the twenty-third instruction is still more objectionable. It tells the jury, that if they find the defendant guilty under the first count, of *burglary,* to say, "We, the jury, find the defendant guilty in manner and form as charged in the first count of the indictment, and fix the time he shall serve in the penitentiary at twenty years." Under this instruction, if the jury found the defendant guilty of burglary they were bound to fix his punishment at twenty years, whether there was any proof of a former conviction or not. What is known as the "Habitual Criminal act," in force July 1, 1883, (1 Starr & Curtis' Stat. p. 832, sec. 351,) expressly provides that the former conviction and judgment shall be set forth in apt words in the indictment, and, of course, like any other material allegation, it must be proved as alleged. By this instruction the jury were not required to find that the defendant had been previously convicted of the crime of burglary, as a condition to their fixing his punishment at twenty years, and they did not so find. He was found "guilty in manner and form as charged in the first count of the indictment." The jury might have thought a less number of years in the penitentiary adequate punishment for the crime of which they convicted him;

but under the instructions they were bound to either acquit, or fix his term at twenty years.

These instructions were erroneous. The judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*