No. 12,315.

THE STATE OF LOUISIANA VS. JAKE YOUNG.

Act 59 of 1896 does not repeal Sec. 792 of the Revised Statutes.

The question is one of intention of the Legislature.

By making it possible to inflict a greater punishment of a similar character to the punishment under the old law, the Legislature has not made manifest an intention to repeal the old law.

APPEAL from the Twentieth Judicial District Court for the Parish of Assumption.  *Guion, J.*

*M. J. Cunningham,* Attorney General, and *G. A. Gondron,* District Attorney, for Plaintiff, Appellant.

*John Marks* (*E. N. Pugh,* of Counsel), for Defendant, Appellee.

Submitted on briefs November 21, 1896.
Opinion handed down November 30, 1896.
Rehearing refused January 4, 1897.

The opinion of the court was delivered by

BREAUX, J.   The defendant, Jake Young, was indicted by the grand jury for the parish of Assumption in September, 1896, for assault with intent to commit rape.

He interposed a demurrer and a motion to quash the indictment on the ground that by Act No. 59 of 1896, the Art. 792 of the Revised Statutes has been repealed.

The demurrer and the motion to quash were sustained by the District Court.

The District Attorney prosecutes this appeal from the ruling.

The act in question contains no reference to the section in question of the Revised Statutes.

It defines the offence as it is defined in the section.

Additional punishment may be imposed under the new law, but it does not provide a new and different punishment.

Our conclusion on this point would be different if the punishment under the new law were entirely different from what it is under the old law, for, in the same case, the two laws would be absolutely irreconcilable and the latter would repeal the former by implication.

Mr. Sutherland on Statutory Construction says: "Where, however, the new statute contains no reference for repeal or otherwise to existing statutes, and defines an offence made punishable by a prior law, and imposes a new punishment, it will not repeal such prior laws as to existing cases; for as the new law will operate prospectively, there is as to offences already committed no conflict. The prior law will operate as to all offences committed up to the time that the new law goes into effect, and the trial may be had and judgment pronounced afterward." Par. 143.

" The question ever is: Did the Legislature intend to repeal the former law, or was the new law intended to be merely cumulative?" Sutherland —.

By making it possible to inflict greater punishment of a similar character, under the last law, the Legislature has not made manifest an intention to repeal the old law and to issue a "legislative pardon" to those under indictment at the time.

A repeal will not be implied unless the last statute contained provisions contrary to or irreconcilable with those of the original law.

Again, if the statute on the same subject can be reconciled without destroying the obvious intent of the law-making authority, there will be no repeal.

The latter act adds a number of years to the term of service. A sentence can not be imposed under the original law in excess of the penalty provided in the prior statute. A sentence within the penalty of the original act may be imposed without in the least conflicting with the last statute. A punishment of two years or less is the same punishment under the first law for a past offence.

The repealing clause of the last act repeals prior inconsistent laws, but not all laws on the same subject matter. We must endeavor to construe these acts as to, if possible, reconcile the two acts.

Having this in view, we do not think we should hold that the prior law is repealed, unless it is manifestly inconsistent, and it is impossible to reconcile the two.

The implication of repeal must be a necessary one.   Ludlow Heirs vs. Johnston, 3 Ohio, 553.

From the last cited case we quote:  " No court will, if it can be consistently avoided, determine that a statute is repealed by implication."

The two statutes here are affirmative statutes.  The latter denounces offences committed since it was promulgated;  the former is in force as to offences committed prior to the latter act.

In other words, in the nature of things the last law becomes effective from and after its passage.

A similar question was decided  by the Supreme Court of Alabama in Turner vs. The State, and in Miles vs. The State, both reported in the 40th Alabama.

In the last  cited  case  the  court cites  Commonwealth vs. Pegram, 1 Leigh, 569;  Allen vs.  Commonwealth, 2 Leigh,  727;  Pitman vs. Commonwealth, and  Wright vs. Laine, 2 Rob. Va. Rep. 600, as sustaining the conclusion of the court, that no repeal was effected.

As in the last Alabama case, in the case before us, the use of the equivalent  words to  those in the Alabama law (" all laws or parts of laws in conflict herewith" are repealed, instead of all laws in the same subject matter), perform the office of a saving clause.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, reversed and avoided; further, that the case be reinstated on the docket of the court and the trial proceeded with under the indictment as required by law.