## In re MORSE.

(Circuit Court, D. Missouri, in Chambers. September 17, 1902.)

1. CRIMINAL LAW—CONSTRUCTION OF SENTENCE—BEGINNING OF TERM OF IMPRISONMENT.

The material part of a judgment sentencing one to imprisonment is that which specifies the period of incarceration and the place of imprisonment, and in those respects it should be definite and certain; but, where it unnecessarily fixes the time when the term of imprisonment shall begin, such provision is merely directory or provisional, and, in case the execution of the sentence is suspended, as permitted by law, by proceedings in error, the term is to be computed from the time when the defendant is actually incarcerated.

On Demurrer to Return to Writ of Habeas Corpus.

THAYER, Circuit Judge. A writ of habeas corpus was issued by me on August 25, 1902, upon a petition filed by Ben H. Morse, a convict in the Missouri State Penitentiary, wherein he alleged, in substance, that he was wrongfully restrained of his liberty by F. M. Wooldridge, the warden of said penitentiary, because the term of imprisonment which was fixed in the sentence by which he was committed to that institution had expired on August 3, 1902. On the day appointed for the return of the writ, to wit, September 13, 1902, the warden filed a return, and the petitioner has demurred to it, admitting all the facts stated therein, but contesting their legal sufficiency to justify his further detention. The facts so admitted are the following: On May 3, 1900, Morse was tried in the United States district court for the Western division of the Western judicial district of Missouri upon an indictment charging him with having unlawfully devised a scheme and artifice to defraud by means of the use of the post-office establishment of the United States. He was convicted of the offense by the verdict of a jury, and was thereupon, on May 4, 1900, sentenced to pay a fine of $1 and "be imprisoned for the period of eighteen months from this date in the Missouri State Penitentiary." On May 4, 1900, Morse was tried before the same court upon another and distinct charge or indictment for having devised a scheme and artifice to defraud by the use of the post-office establishment, and on that day was convicted by the verdict of a jury, and sentenced, as in the other case, to pay a fine of $1, together with the costs, and "be imprisoned for the period of eighteen months from this date in the Missouri State Penitentiary." It was stated, however, in the latter sentence, that said imprisonment should "begin at the expiration of the sentence in case No. 2,200." Case No. 2,200, thus referred to, was the first of the two cases mentioned above; the last case to which reference is made being case No. 2,199. Immediately after his conviction, the district court fixed the amount of his bond for an appeal at the sum of $2,000 in each case. Subsequently the petitioner gave such a bond in each case, and was released to

¶ 1. See Criminal Law, vol. 15, Cent. Dig. §§ 2521, 3312.

await the result of a writ of error to be prosecuted to the United States circuit court of appeals for the Eighth circuit. Such a writ was issued on September 13, 1900, and was pending in the United States circuit court of appeals for the Eighth circuit until on or about April 24, 1901, at which time the petitioner voluntarily dismissed the writ of error brought for the purpose of obtaining a review of the proceedings below, whereupon a mandate was issued by the United States circuit court of appeals reciting the fact that the writ had been dismissed, and ordering that the petitioner "surrender himself to the custody of the United States marshal for the Western district of Missouri within five days after the filing of said mandate, in execution of the sentence heretofore imposed by the trial court." On the filing of this mandate in the district court for the Western division of the Western district of Missouri, the clerk thereof was ordered to make out and deliver to the marshal commitments in both cases, being cases Nos. 2,200 and 2,199, aforesaid. In pursuance of such commitments the body of the petitioner was delivered to the warden of the penitentiary on April 29, 1901, since which time he has been undergoing imprisonment in execution of the aforesaid sentences.

The petitioner bases his claim for a discharge upon the ground that, because the judgment rendered by the district court in each of the cases, 2,200 and 2,199, specifically declared that he should "be imprisoned for the period of eighteen months from this date," his term of imprisonment must perforce be computed from May 4, 1900, when the judgments were rendered, without reference to the fact that he was immediately released on bond during the pendency of a writ of error, and was not in fact committed to prison in execution of the sentences until April 29, 1901. It is said that, in order to make the imprisonment begin on a date subsequent to May 4, 1900, to wit, April 29, 1901, as the government insists that it shall begin, it was necessary to have brought the petitioner into court on the filing of the mandate of the court of appeals and to have resentenced him. It will be conceded that, if this theory is correct, and that the term of imprisonment must be computed from May 4, 1900, then the petitioner's term of imprisonment, by reason of the allowance of nine months' time for good behavior, has expired, and he is entitled to his discharge. I am persuaded, however, that the proposition urged in behalf of the petitioner is untenable, and that the term of his imprisonment must be computed from the time it actually began; that is to say, from April 29, 1901. When a sentence of imprisonment is imposed in a criminal case, it is unnecessary, if not improper, to state in the sentence when the term of imprisonment shall begin, because whatever directions may be given on this point by the trial court cannot control the right which is usually accorded to a prisoner by statute to suspend the execution of the sentence by a bond during the pendency of an appeal or writ of error. When a clause fixing the time when imprisonment shall begin is inserted in a sentence,— as it sometimes is,—it must be understood to be in its nature directory, or as fixing a time when it shall begin, provided the prisoner treats the judgment as final, and does not avail himself of his statutory right to suspend the execution of the sentence by giving bond

while he is seeking a reversal of the judgment in an appellate court. If he does avail himself of this right, and is enlarged indefinitely on bond while seeking a reversal of the judgment, he cannot consistently claim, if he fails to secure an acquittal or a new trial, that he should be regarded as in prison while he was actually at liberty, simply because the judgment specified the date when he should be incarcerated. The material part of a judgment sentencing one to imprisonment is that which specifies the period of incarceration and place of imprisonment. In these respects the judgment or sentence should be definite and certain. The time, however, when imprisonment shall begin, is a matter which is governed by circumstances or other proceedings in the case, and usually is beyond the control of the court by which the sentence is imposed. When, therefore, the judgment in a criminal case fixes the date when imprisonment shall begin, it should be construed to mean that the period of imprisonment is to be computed from the date named, unless the execution of the sentence is stayed for the time being in some of the ways provided by law, in which latter event it ought to be computed from the time when the prisoner is actually incarcerated. When a judgment or decree in a civil case requires an act to be done within a given time after the rendition of the judgment or decree, and the doing of the act is stayed in a manner provided by law by an appeal or writ of error, it is usually held that the act must be done within the time limited, after the stay is removed, and the judgment becomes final. No reason is perceived why a similar rule should not be observed in criminal cases so as to make the term of imprisonment begin when the prisoner is actually incarcerated in those cases, like the one at bar, where the sentence fixes the period of imprisonment definitely, and also contains the unnecessary direction that it shall begin at a given date, but it does not in fact begin on the date specified because execution of the sentence is superseded by a writ of error and bond as the law permits.

In conformity with these views, I have reached the conclusion that on the filing of the mandate of the court of appeals in the district court it was wholly unnecessary to have resentenced the prisoner, fixing a new date for the term of imprisonment to begin. The writ of error which was sued out did not affect the judgment below, but merely suspended the execution of the sentence until the case was heard and decided on appeal. It was never so heard, because prior to the hearing the accused dismissed the writ of error, whereupon the appellate court ordered that he surrender himself to the marshal "in execution of the sentence heretofore imposed," which was a sentence aggregating three years, no part of which had at that time been executed. This was a direction, in effect, that he be thereafter imprisoned for the term of 18 months from the date of his actual incarceration, which was the sentence imposed in case No. 2,200, and that he also be imprisoned for the term of 18 months, which was the sentence imposed in case No. 2,199; the latter term of imprisonment to begin at "the expiration of the sentence in case No. 2,200."

In accordance with this view, it is now ordered that the writ of habeas corpus heretofore issued be discharged, at the cost of the petitioner, and that he remain in the custody of the warden.