## BECKER v. UNITED STATES.

Circuit Court of Appeals, Third Circuit.
November 26, 1929.

No. 4180.

Max V. Schoonmaker and Aaron M. Jaffe, both of Pittsburgh, Pa., for appellant.

John D. Meyer, U. S. Atty., and Zeno Fritz, Asst. U. S. Atty,. both of Pittsburgh, Pa.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. The single question on this appeal is whether, in the state of the pleading, the sentence imposed for a second offense of possessing liquor in violation of the National Prohibition Act (27 USCA) is lawful.

The first three counts of the indictment charged unlawful sales of liquor, the fourth unlawful possession of liquor and the fifth maintenance of a nuisance. The sixth count alleged that the defendant had, on a date

prior to those of the crimes charged, been convicted of unlawful sales and possession of liquor as shown by No. 4360 of the Criminal Docket of the same court. The jury returned a verdict of not guilty on counts 1, 2, and 3, and guilty on counts 4 and 5, specifically finding that the defendant "is the same person named in the indictment at No. 4360 Crim." The court granted the defendant a new trial on count 5 and sentenced him on count 4 to imprisonment for ninety days, the penalty provided by Section 29 of Title 2 of the Act (27 USCA § 46) for a second offense. The record before us does not show how the government proved the prior conviction or whether the defendant objected to its proof. However, the verdict of the jury, finding a prior conviction, shows that the fact was proved and the absence of error assigned against admitting the proof raises a permissible inference that the defendant did not object. He now says that his conviction under the fourth count, which did not allege prior conviction of a like offense, was, on the pleading, conviction for a first offense and therefore the sentence imposed for a second offense is bad.

The answer to this question depends upon how the law applies to the indictment in this case. The draftsman, being confronted by two opposite rules of law, one statutory, the other general, realized perhaps that he must, somehow, somewhere, aver the fact of the defendant's former conviction of like offenses and doubtless desired in doing so not to prejudice the defendant by causing the averments of conviction of distinct and unrelated offenses to be used as the bases of evidence of his guilt as to the second offenses for which he was to be tried. So he omitted averments of former conviction from the three counts for sales and the fourth count for possession and put them in a separate paragraph at the end of the indictment.

We follow the defendant on the elementary principles of law that a count—derived from the word "conte" signifying a narrative or tale—is regarded in law as containing a complete statement of the cause of action or a complete charge of crime; that where an indictment contains several counts each count is treated as a separate charge as completely as though the several charges appeared in separate indictments, Watson v. People, 134 Ill. 374, 25 N. E. 567; State v. Briggs, 94 Kan. 92, 145 P. 866; that an essential element of a crime cannot be omitted,. nor can the omission be supplied by intendment, implication, or recital, Edwards v. United States (C. C. A.) 266 F. 848, 851; Schooley v.

United States (C. C. A.) 4 F.(2d) 767, 768–770; and that infirmity in one count cannot be cured or its averments aided by another count, Edwards v. United States (C. C. A.) 266 F. 848; De Jianne v. United States (C. C. A. 3d) 282 F. 737. In order to meet the question squarely, we concede that these rules apply to charging crimes under the National Prohibition Act (27 USCA).

It was, probably, on the theory that repeated violations of the law should be regarded as an aggravating circumstance and should be made an ingredient of the crime here charged, that the Congress in enacting the National Prohibition Law provided one penalty for first offenses of a certain grade and another and higher penalty for second offenses of the same grade. In order to effectuate this purpose the same provision of the Act (Section 29, Title 2 [27 USCA § 46]) requires the prosecuting officer to "ascertain whether the defendant has been previously convicted and to plead the prior conviction in the affidavit, information, or indictment." The Congress did not leave the matter open and permit a judge, about to impose sentence, to acquire information of a prior conviction at side bar or elsewhere but required the prior conviction to be pleaded and, of course, proved as a fact. Early in the history of the law this court so declared in Singer v. United States, 278 F. 415, 420, when it said:

"The authorities overwhelmingly establish, first, that in the legal sense a conviction is a judgment on a plea or verdict of guilty; second, a second offense, carrying with it a more severe sentence, cannot be committed in law until there has been a judgment on the first; third, the indictment, charging the accused of being a second offender, must set forth the fact of the prior conviction, as that is an element of the offense in the sense that it aggravates the offense described in the indictment, and authorizes the increased punishment.

"When the prior conviction is charged in the indictment, two questions of fact are presented, namely, the prior conviction, and the identity of the accused as the same person in each prosecution, and these facts must be established at the trial." Citations; United States v. Moore (D. C.) 2 F.(2d) 988.

The essential fact of former conviction was pleaded in the indictment in this case and proved at the trial. It was pleaded not in the count under which later the defendant was convicted and sentenced but in a paragraph—the concluding paragraph of the indictment—which the draftsman called the "Sixth Count." This paragraph, however named, was not a count at all. It narrated no crime; it charged no offense. Upon it no verdict of guilty could possibly have been rendered and no sentence could have been imposed on a finding of its allegations alone. It averred as a fact previous conviction of the defendant of two offenses like those pleaded in four preceding counts, and there it stopped. It meant nothing standing alone; it meant much when read in connection with the counts that preceded it. Being in effect a footnote to the first four counts, we think its averment (inter alia) of prior conviction of unlawful possession of liquor was a direct reference to and became directly connected with the fourth count charging the same offense. It had no other possible meaning. Not being a count in any sense and therefore not being used in aid of another count, we see no reason why it should not be taken for just what it is, an addendum to or a part of the other counts inserted to apprise the defendant that several of the offenses there charged against him were second offenses carrying greater penalties and to call upon the government to show the prior conviction in proof of the aggravating element of the offenses. Singer v. United States (C. C. A.) 278 F. 415, 420; Furlong v. United States (C. C. A.) 10 F.(2d) 492, 493; Biddle v. Hays (C. C. A.) 8 F.(2d) 937, 939.

In finding the indictment sufficient and the sentence lawful, we recognize that the counts were inexpertly drafted and should not be followed by good pleaders.

The judgment is affirmed.