UNITED STATES v. ROSSI.

No. 6000.

Circuit Court of Appeals, Ninth Circuit.

March 31, 1930.

Wesley Lloyd, of Tacoma, Wash., for appellant.

Anthony Savage, U. S. Atty., of Seattle, Wash., and Joseph A. Mallery, Asst. U. S. Atty., of Tacoma, Wash.

Before DIETRICH and WILBUR, Circuit Judges, and KERRIGAN, District Judge.

KERRIGAN, District Judge.

The appellant was charged in eleven counts with violation of the National Prohibition Act (27 USCA). Count I charged possession of 54 quarts of beer; count X charged maintenance of a common nuisance. The remaining nine counts set forth former convictions; each count being substantially in the form of count II:

"That prior to the commission by the said A. Rossi, whose true Christian name is to the grand jurors unknown, of the said offense of possession of intoxicating liquor herein set forth and described in manner and form as aforesaid, said A. Rossi, on the tenth day of October, 1927, in cause No. 6298, at Tacoma, in the United States District Court for the Western District of Washington, Southern Division, was duly and regularly convicted of the offense of possession of intoxicating liquor on the tenth day of August, 1926, in violation of the said Act of Congress known as the National Prohibition Act; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States of America."

Upon the denial of a motion to suppress evidence, and on September 26, 1929, appellant was arraigned, and thereupon pleaded guilty to count I, charging possession. Upon the motion of the district attorney, the other counts of the indictment were dismissed. The matter of sentence was continued to October 14, 1929. On that day appellant presented himself for sentence. On being asked whether he had any showing to make, the district attorney stated that appellant had three prior convictions for possession of intoxicating liquor; the convictions mentioned having been set forth in counts II, III, and IV of the indictment. Appellant then objecting to the consideration of these prior convictions on the ground that the counts setting them forth had been dismissed, the district attorney moved that he be permitted to withdraw the dismissal of counts II, III, and IV. This motion was granted, and the dismissals were set aside. Appellant was then asked as to his plea to the reinstated counts, whereupon he stood mute, and a plea of not guilty was entered to these counts. Upon the stipulation of counsel for appellant that the statement of the district attorney might be taken as evidence on the issue of prior conviction, the district attorney stated the facts. Appellant was then sentenced to one year and one day in the penitentiary and to pay a fine of $500. Thereafter appellant moved to withdraw his plea of guilty, and further moved to submit the matter of unlawful search to a jury. Both motions were denied.

It will be noted that counts II, III, and IV, which were dismissed and then reinstated, do not in themselves contain a charge of crime, but merely state the prior conviction. Assuming that this form of charge of prior conviction is valid, these so-called "counts" can only be looked upon as in the nature of "footnotes" to the antecedent substantive charge of possession. Becker v. United States (C. C. A.) 36 F.(2d) 472. Accordingly we have a case where, following a plea of guilty to the charge of possession, the district attorney has dismissed charges of prior conviction which do not alter the nature of the substantive charge, but do afford the basis for a greatly increased sentence. Massey v. United States (C. C. A.) 281 F. 293; McCarren v. United States (C. C. A.) 8 F.(2d) 113.

It is within the power of the district attorney to move to dismiss or enter a nolle prosequi as to one or more of the several counts of an indictment or as to part of a count or indictment which is divisible. 16 C. J. 436; 2 Bishop, New Criminal Procedure, § 1391, p. 1196; United States v. Keen, 26 Fed. Cas. 686, No. 15510; United States v. Peterson, 27 Fed. Cas. 515, No. 16,037. A nolle prosequi is not a bar to a second indictment covering the same matter, but it does terminate the proceedings in which the nolle prosequi occurs. 16 C. J. 438; 2 Wharton, Criminal Procedure, § 1377, p. 1832; Reg. v. Allen, 1 B. & S., 850, 121 Eng. Reprint, 929. The latter rule, however, is subject to the power of the court over its own orders within term, Cisson v. United States (C. C. A.) 37 F.(2d) 330, limited only by the necessity of affording adequate protection to the rights of the defendant affected, Parry v. State, 21 Tex. 746; State v. Nutting, 39 Me. 359; Note, 35 L. R. A. 716.

In the present case, the district attorney dismissed the charges of prior conviction under a misapprehension as to the power of the court thereafter to impose sentence upon a defendant as a fourth offender. Appellant's plea of guilty to the charge of possession, on the other hand, was not intended to extend to the counts charging the prior convictions. Upon the reinstatement of counts II, III and IV, appellant should therefore have been given opportunity then and there to withdraw his plea of guilty to count I, charging pos-

session, and should not have been required to plead to the reinstated charges until the whole case was thus set at large.

Reversed, with directions either to enter judgment on the plea of guilty to count I, unaided by the other counts, or, should the district attorney elect not to accept such plea, to permit a withdrawal of both this plea and the district attorney's nolle prosequi and to take further appropriate proceedings.