State vs. White et als.

---

No. 12,266.

## THE STATE VS. ELECK WHITE ET ALS.

| | |
|---|---|
| 49 | 127 |
| 50 | 682 |
| 49 | 127 |
| 109 | 239 |
| 49 | 127 |
| f120 | 542 |

A legislative act amending the section of the Revised Statutes defining the crime and providing for its punishment, which merely changes the *maximum* of the penalty, repealing the section only so far as it conflicts with the amendment operates no repeal of the section except in respect to the *maximum* punishment for offences committed subsequent to the act; hence, the power to try and sentence under the section for an offence prior to the amendatory act is not, touched by it. Revised Statutes, Sec. 792, Act No. 59 of 1896.

The decision distinguishes legislative acts dealing with the subject of a prior law, and which repeals all laws on the same subject matter, and a legislative act merely amendatory of the prior law and repealing it only so far as is inconsistent with the amendment. 13 An. 486; 12 An. 431.

APPEAL from the Eighteenth Judicial District Court for the Parish of Lafourche. *Caillouet, J.*

---

*M. J. Cunningham*, Attorney General, and *L. C. Moise*, District Attorney (*P. A. Simmons, Jr.*, of Counsel), for Plaintiff, Appellant.

---

*Beattie & Beattie* for Defendant, Appellee.

---

Submitted on briefs November 7, 1896.
Opinion handed down November 30, 1896.
Rehearing refused January 4, 1897.

The opinion of the court was delivered by

MILLER, J.   The defendant, convicted of shooting with intent to murder, moved in arrest of judgment, on the ground that Sec. 792 of the Revised Statutes, under which he was indicted, had been repealed by the Act of the Legislature, No. 59 of 1896.   The motion in arrest of judgment was sustained, and the State appeals.

The Act of 1896 repeats the language of Sec. 792 in defining the offence of assault with intent to murder, but while the section limits the punishment to two years, the Act of 1896 fixes the *maximum* imprisonment at twenty years.   With this difference, the section and the act are the same constituting the offence.   The act is entitled "An Act to Amend and Re-enact Sec. 792 of the Revised Statutes," and the repealing clause of the act repeals only laws or parts of laws in conflict with it.

It is familiar that the repeal, pending the prosecution, of the statute on which the conviction is obtained divests all jurisdiction to sentence.   Judge Martin's reason for this conclusion was that the repeal of the statute in such case carried the presumption of a pardon.   State vs. Johnson, 12 La. 552.   Where the statute is completely effaced by legislation, contemplating and effecting that purpose, it is to be accepted as manifesting the legislative will that the offence denounced by the previous statute shall no longer be deemed a crime.   Can it be supposed in this case that the Legislature, by amending and increasing the punishment of assault with intent to murder, intended thereafter that an assault of that character should not be punished at all?   If the key to the interpretation of statutes is the intention that prompted the legislation, it must seem difficult to attribute to this Act of 1896 the construction affirmed in the motion of arrest.

When the Legislature, dealing with an offence under a pre-existing statute, has defined the offence in terms the same, or with additions or qualifications not in the original act, the later legislation repealing all laws on the same subject matter, it has been held that the previous statute is completely repealed, and there is no power to sentence under the conviction for an offence committed before the later legislation.   State vs. Clay, 12 An. 431;   State vs. O'Conner, 13 An. 486.   The legislation, in part, at least, the subject of these decisions, was revisory.   In other decisions, in respect to legislation of this character, it was held that no purpose to disturb prior legisla-

tion could be predicated on the mere transfer of the provisions of the previous statute into the codification designed only to exhibit the entire statute law, although the codification contained the repealing clause or all laws on the same subject matter.   It was only when the codifier had omitted some part of the old statute, that a repeal was to be admitted, and then only as to the omitted provision. On the same line, however, new legislation on the same subject, essentially different from that in the previous legislation, would affect a repeal.   Holmes vs. Wiltz, 11 An. 439; State vs. Brewer, 22 An. 273.   It is perfectly manifest that this Act, No. 59 of 1896, is revisory in its character, for the purpose of changing the maximum punishment for assault with intent to commit felonies.   Under the revised statutes that maximum was two years.   The legislative judgment evinced by the Act of 1896 was that the maximum for so serious a crime should be increased to twenty years, the act so declares, and that is the only change.   Consistently with the decision as to revisory legislation, it would seem difficult to maintain that this act of 1896, repeating the Sec. 792 of the Revised Statutes, changing only the maximum of punishment, repealed all laws to punish murderous assault.   Then, too, where, as in the cases cited, repeals have been inferred, there has been a complete obliteration of the earlier by the later statute—that is, a repeal of all laws on the same subject matter.   In such cases the conclusion of the repeal of the previous statute is constrained by the force of the sweeping repeal.   No such repeal could well rest on the presumption of the legislator to release the offender from prosecution under a pending indictment.   Re-enacting the statute defining and punishing the crime certainly does not convey the significance that the legislative intent was there should be neither crime or punishment. Our courts have gone far enough it would seem in some of the cases cited implying repeals.   We do not feel at liberty to hold in this case that all law to punish offenders in custody at the date of the act, has been swept from the statute books merely because the Legislature has seen fit to increase the punishment for the crime.   The act of 1896 does not repeal all laws on the same subject matter, but only laws in conflict with it.   The act of 1896, in our view, keeps in force Sec. 792 in all its parts, save that as to offences committed after the act; the sentence may be kept up to the *maximum* of twenty years.

9

It is therefore ordered, adjudged and decreed that the judgment of the lower court, sustaining the motion to quash, be and it is hereby set aside and annulled, and that the court proceed to sentence the accused.