Statement of the Case.
MONROE, J.
The relator, who is district attorney for the Third judicial district, alleges, in substance:
That, on October 11, 1901, the grand jury for the parish of Claiborne returned a hill of indictment against G. J. Rasberry for “retailing spirituous and intoxicating liquors without previously obtaining a license”; that, on October 6, 1902, the accused filed a motion to quash said hill on the ground that section 910, Rev. St. (as amended by Act No. 83 of 1886), under which the prosecution was instituted, had been repealed by Act No. 66 of 1902, and that the latter act is ex post facto, and operates a legislative pardon as to the offense with which he is charged; that on October 7th the motion thus filed was heard and sustained, and the accused ordered to he discharged; and that a motion for new trial, presented on behalf of the state, was overruled, and a bill of exception reserved.
*237 He further alleges that Act No. 66 of 1902 In no wise repeals section 910 of the Revised Statutes, as amended by the act of 1886, and that said section, as thus amended, is in no wise inconsistent or in conflict with said act of 1902; that the accused should have been tried, and, if convicted, sentenced, under said section, as amended; and that the ruling of the trial judge was in contravention of law.
He further alleges that the matter is not within the appellate jurisdiction of this court; that the discharge of the accused without trial will operate a denial of justice, and that the state has no remedy save by mandamus. And he prays for writs of certiorari and mandamus ordering the trial judge to send up the record and commanding him to reinstate the prosecution, in order that the same may be proceeded with according to law. The respondent judge, for cause why the prayer of the relator should not be granted, by way of exception, and before answering to the merits, says that “in quashing the indictment * * * Act No. 66 of 1902 was, in effect, as to the defendant, Rasberry, declared unconstitutional, and by article 85 of the constitution relator has a remedy by appeal,” etc. But, in the event that this exception should be overruled, he answers, in substance, that by its terms, and by change of punishment, Act No. 06 of 1902 repeals section 910, Rev. St, as amended, and all other acts in conflict with its provisions;, that it was passed after the finding of the indictment against the accused, and, as applied to the offense charged to have been previously committed by him is ex post facto and unconstitutional, in that it makes said offense a misdemeanor, whereas under the old law the penalty was fine or forfeiture; and that it establishes a prescription of 12 months from the time a complaint is brought to the knowledge of an officer whose duty it is to direct a prosecution, whereas under the old law the prescription was six months from the time that the act was committed.
Opinion.
Act No. 83 of 1886, which amends and reenacts section 910, Rev. St., reads: “Whoever shall keep a grog, or tippling, shop, or retail spirituous liquors, without previously obtaining a license from the police jury, town, or city, authorities, on conviction, shall be fined not less than one hundred, nor more than five hundred, dollars, and, in default of payment, shall be imprisoned not less than thirty days nor more than four months; where it is contended, in a prosecution for the violation of this section, that said spirituous or intoxicating liquors were prescribed as a medicine, it shall be for the jury to decide whether such prescription and sale were made in good faith and in case of sickness, or as a mere subterfuge, and with intent to evade the provisions of this section.”
Act No. 66 of 1902 reads: “Section 1. Be it enacted * ::: * That section nine hundred and ten (910) of the Revised Statutes of the State of Louisiana, of 1870, as amended by Act No. 83 of 1886, entitled ‘An act to amend and re-enact section 910 of the Revised Statutes, of 1870,’ be amended and re-enacted so as to read as follows: Section 910. Whoever shall keep a grog, or tippling, shop or retail spirituous, or intoxicating, liquors, without previously obtaining a license from the police jury, town' or city, authorities, on conviction shall be fined not less than one hundred dollors nor more than five hundred dollars, and, in default of payment of fine and costs, shall be imprisoned for a term within the discretion of the court,- or shall suffer fine and imprisonment as the court may deem proper. Where it is contended, in a prosecution for violation of this section, that said spirituous and intoxicating liquors were prescribed and sold as a medicine, it shall be for the court to decide whether such prescription and sale were made in good faith and in case of sickness, or as a mere subterfuge and with intent to evade the provisions of this section.
“Sec. 2. Be it further enacted,” etc. “That all laws *or parts of laws inconsistent, or in conflict, with this act be and the same are hereby repealed, and this act shall take effect from and after its passage.”
It is not contended on behalf of the state that the accused can be punished under the last-quoted statute, but it is said that, whilst it was the purpose of the general assembly, in enacting that statute, to establish a rule for the future, it was not the purpose to repeal the then existing law in so far as the latter provides a penalty for an offense already committed. The answer to this is that the then existing law is expressly referred *239 to in the last statute for amendment and reenactment; that the last statute also in terms repeals “all laws or parts of laws inconsistent or in conflict” with its provisions; and that in re-enacting it so amends the then existing law that the penalty imposed by the latter, “shall be fined not less than one hundred, nor more than five hundred dollars, and, in default of payment, shall be imprisoned not less than thirty days nor more than four months,” becomes “shall be fined not less than one hundred dollars, nor more than five hundred dollars, and, in default of payment of fine and costs shall be imprisoned for a term within the discretion of - the court, or shall suffer fine and imprisonment, as the court may deem proper.”
It is clear from this that the accused cannot be sentenced under the old law, since it requires that, in default of payment of the fine imposed, he shall be imprisoned for not less than 30 days, whereas the new law, amending and re-enacting the old, places it within the power of the judge, in default of payment of both fine and costs,' to sentence him to imprisonment for the tenth part of a second.
It is equally clear that he cannot be sentenced under the new law, because, according to its provisions, in default of payment of both fine and costs the court may impose upon him a sentence of fine and imprisonment, limited as to the amount of the one and the duration of the other only ■ by the prohibition against excessive fines and cruel and unusual punishments, contained in article 12 of the constitution.
And the accused can neither be deprived of the benefit of the new law, nor can that law be so applied to the offense with which he is charged and its consequences ás to alter the situation to his disadvantage. The case is distinguishable from those to which we are referred (State v. Young, 49 La. Ann. 70, 21 South. 142; State v. White, 49 La. Ann. 127, 21 South. 141; State v. Shelby, 48 La. Ann. 1518, 21 South. 1029; State v. Jonas, 48 La. Ann. 1570, 21 South. 1028), in which it was held that section 792, Rev. St., was not superseded or repealed by Act No. 59 of 1896 as to offenses committed whilst it was in force, in this: that the act of 1896 conferred no advantage on the accused which prevented his being sentenced under the prior law, whereas in the instant case the judge, in the exercise of the discretion vested in him by the later statute, may impose a lighter sentence than under the older, and the accused cannot be deprived of that chance in his favor.
As the case was presented, the constitutionality of the act of 1902 was not at issue, and the exception is, therefore, not well taken. Upon the, merits, however, we are of opinion that the respondent ruled correctly, and the writs prayed for are accordingly denied, and this proceeding dismissed.