BREAUX, J.
The defendant was indicted for selling and retailing liquors without first having obtained a license. The court condemned him to pay a fine of $350 and the costs of the prosecution, and, in default of the payment of the fine, to imprisonment for a period of four months.
From the sentence and Judgment of the court, the defendant prosecutes this appeal.
The grounds of defendant’s complaint on appeal are brought up in a motion in arrest of Judgment, setting forth that section 910 of the Revised Statutes, as amended by Act No. 83 of 1886, under which the prosecution was instituted, has been repealed by Act No. 66 of 1902, and that the last statute was enacted after the crime with which he is charged, is alleged to have been committed.
The Judge of the district court overruled this motion in arrest of Judgment, found the accused guilty, and pronounced sentence, as before mentioned.
It is evident that the statute (Act No. 66 of 1902) not only imposes a severer penalty for an offense than was imposed by the law in force when the act is charged to have been committed, but it also imposes a different penalty.
Under Act No. 83 of 1866 the punishment was limited to the minimum of $100 and the máximum of $500, and in default of payment the convicted defendant was to be imprisoned not less than 30 days, nor more than 4 months, while under the new law the fine, as to amount, is the same, and, in default of payment of fine and costs, he “shall be imprisoned for a term within the discretion of the court.” In the alternative the statute provides another and a different penalty than is set forth in Act No. 83 of 1866, as will be seen by the following, viz., “or shall suffer fine and imprisonment as the court may deem proper,” which means, under Rev. St. § 982, not exceeding two years.
A change in the element of the punishment from a fine in the old law to the possibility of inflicting a fine and imprisonment in the new law repeals the old.
It may then reasonably be inferred that it was the legislative intent to repeal the old law.
This relates to the maximum penalty, which includes a new element of punishment — “fine and imprisonment.”
The element being new as to punishment, a stronger case is presented than when the same character of punishment is increased, without changing the element of the penalty. We mean by “new” element of punishment when the punishment is changed from a fine to imprisonment, or from penalty for a misdemeanor to a penalty for a felony.
The further contention is that the penalty inflicted is within the limit of the old and new law.
An easy answer to this contention is that it is not the sentence inflicted that is to be considered in matter of repeal, vel non, but the law itself. Even though a penalty is only possible, and not necessary, the law is ex post facto as to past offenses. Commonwealth v. McDonough, 13 Allen, 581.
It only remains for us to enter our decree.
For the reasons assigned, verdict, sentence, and Judgment are annulled, avoided, and reversed.
It is further ordered, adjudged, and decreed that the motion to quash is sustained, and that the accused be discharged.