On the Merits.
The defendant was indicted under section ■9, Act No. 107, p. 163, of 1902, entitled “An act to grade misdemeanors and minor of-fences against the state and to fix the minimum and maximum penalties therefor,” in .accordance with the direction of the General Assembly, contained in article 155 of the •Constitution, and. under that act he was tried and sentenced.
The penalty under this statute (section 31, Act No. 107, p. 165, of 1902) is a fine not over $300 nor less than $50, or imprisonment not over 6 months nor less than 30 days, or both, at the discretion of the court.
The district court having imposed a fine •of $301, it is evidently illegal. We agree with the learned Attorney General and counsel for the prosecution that, where the sentence exceeds the maximum penalty, the case can be remanded to the trial court, with direction to impose the proper sentence. State v. Nicholson, 14 La. Ann. 785; State v. Ryder, 36 La. Ann. 294; State v. Hyland, 36 La. Ann. 709; Wharton, Cr. Pl. §§ 780, 781; Bishop, Pl. and Pr. § 1373; State ex rel. Hart v. Hicks, Judge, 113 La. 846, 37 South. 776; State v. Williams, 114 La. Ann. 940, 38 South. 686.
But a question of greater importance is raised by the defense; the contention being that there is no law now in effect that denounces and punishes the offense with which the accused is charged.
The proposition is too broadly stated. There is another statute, viz., Act No. 43, p. 58, of the Acts of 1906. The question is whether it repeals prior laws by implication. We think it does repeal the prior laws. The repealing act, to wit, Act No. 43, p. 58 of the Acts of 1906, is the last legislative utterance.
It denounces the crime of carrying a weapon or weapons “concealed on or about his person.” The party thus offending shall suffer the penalty stated in the statute, different from that contained in prior statutes, both as relates to the amount of the fine which may be imposed and the term of imprisonment. This last act prescribes fine or imprisonment; the fine not to be less than $100 nor more than $500, and imprisonment to be not less than six months in the parish prison.
The last act is general in its nature. It denounces the carrying of concealed weapons in a general way broadly enough to cover all acts of carrying such weapons.
The last act repeals the former — i. e., section 9, Act No. 107, p. 163, of 1902 — in so far as it conflicts therewith and it repeals other statutes in pari materise in so far as they conflict with the last law as- herein stated. Marr’s Crim. Jurisp. of La. § 7; State ex rel. Theus v. Edwards, 109 La. 236, 33 South. *251 209; Kring v. Missouri, 107 U. S. 221, 2 Sup. Ct. 443, 27 L. Ed. 506.
The last act denounces the carrying of concealed weapons in a manner sufficiently specific to bring the crime under its terms; i. e., whoever carries a dangerous weapon concealed on or about his person at an assembly of the people may be prosecuted under an act which prescribes that no one shall carry a concealed weapon except those specially excepted.
It is therefore ordered, adjudged, and decreed that the verdict and sentence imposed in this case, and the judgment thereon, are avoided, annulled, and reversed.
It is further ordered, adjudged, and der creed that the accused be discharged.