There may have been obstruction to the moon's light at that particular place.

The defendant's contention is that a hill near by in the westerly direction from the depot obstructed the light—whatever light the moon was casting.

There may have been other causes. The almanac fly sheet, under the circumstances, is not controlling, as to whether there was bright moonlight at Athens at the particular time and place.

A railroad corporation assumes the responsibility to reasonably care for the safety of its passengers.

One of its duties is to furnish safe egress from trains and platforms at night and to furnish sufficient lights to enable the passengers to guide their steps.

After carefully reading the testimony, we arrived at the conclusion that the want of light was the proximate cause of the injury.

The defendant urged that others passed near the place of the fall, including among them the sick son of the plaintiff and those attending him, and that they met with no accident; that they did not call for light in leaving the train and walking over the platform.

Argument of learned counsel for defendant on this point is persuasive, not, however, to a degree that is conclusive and convincing, for one or more persons may pass a dark place without asking for light, while another following behind or on the side may not be equally as favored.

We have considered this and other points without finding it possible to arrive at the conclusion that the judgment is erroneous.

The district judge heard the witnesses and observed them.

### Quantum of Damages.

In this respect also the judge was careful and conservative. The amount allowed conforms with our opinion.

We therefore will not disturb the judgment.

For reasons stated, the judgment appealed from is affirmed.

---

(53 South. 680.)

Nos. 18,497, 18,498.

STATE v. HICKMAN et al.

(Nov. 28, 1910.)

*(Syllabus by the Court.)*

1. LARCENY (§ 2*)—STATUTES—REPEAL BY IMPLICATION — "GRAND LARCENY" — "PETIT LARCENY."

A criminal statute, denouncing the crime of stealing cattle and prescribing a special pen-

alty for such offense, repeals by necessary implication a general statute on the subject-matter of larceny.

[Ed. Note.—For other cases, see Larceny, Cent. Dig. § 2; Dec. Dig. § 2.*

For other definitions, see Words and Phrases, vol. 4, pp. 3149–3150; vol. 6, p. 5368.]

2. CRIMINAL LAW (§ 15*)—STATUTES—REPEAL.

Where two criminal statutes are repugnant as to the punishment that may be inflicted, they cannot stand together.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1, 16–20; Dec. Dig. § 15.*]

Appeal from Thirteenth Judicial District Court, Parish of Grant; W. F. Blackman, Judge.

Dennis Hickman and another were indicted for cattle stealing. A motion to quash the indictments was sustained, and the State appeals. Affirmed.

Walter Guion, Atty. Gen., and John R. Hunter, Dist. Atty. (R. G. Pleasant, of counsel), for the State. W. C. & J. B. Roberts, for appellees.

LAND, J. In case No. 18,497, the accused were indicted for stealing, on or about February 15, 1909, 15 head of cattle, of the value of $150. In case No. 18,498, the accused were indicted for stealing, on or about March 29, 1909, one cow, of the value of $25.

Both indictments were found under Act No. 124 of 1874, defining the crime of grand and petit larceny.

In 1910 the Legislature passed Act No. 64, reading as follows:

"Section 1. Whoever shall steal a cow, calf, bull, ox, or any other species of cattle, shall be guilty of a felony, and, upon conviction, shall suffer imprisonment at hard labor for not less than one year nor more than five years.

"Sec. 2. That all laws in conflict herewith are hereby repealed."

Accused moved to quash the indictments, on the ground that Act No. 64 of 1910 repealed Act No. 124 of 1874, relative to larceny, in so far as the theft of cattle is concerned, and that the repealing act is ex post facto as to the offenses charged in the indictments.

This motion was sustained by the judge below for the "reasons assigned by the Supreme Court in the case of State of Louisiana v. Callahan, 109 La. 946 [33 South. 931]."

Act No. 124 of 1874, § 8, reads as follows:

"That the crime of larceny in the state of Louisiana shall be divided into grand and petit larceny. The larceny of any property or money, or other objects, of the value of one hundred dollars or more, shall constitute grand larceny, and be punishable with imprisonment in any parish prison, or at hard labor in the penitentiary, at the discretion of the court, for not more than ten years. The larceny of any property or money, or other object or objects, under the value of one hundred dollars, shall constitute the crime of petit larceny, and be punishable with imprisonment in any parish prison, or in the penitentiary, at the discretion of the court, for not more than two years; and all statutory provisions in force relative to larceny not inconsistent herewith, or on matters provided herein, are hereby made applicable to the crime of larceny, as herein established."

Act No. 64 of 1910, in making the stealing of cattle a specific offense, punishable in a particular manner, necessarily withdrew that special subject from the operation of the statute on the general subject-matter of larceny.

Under Act No. 124 of 1874, the theft of cattle was grand or petit larceny, according to the value of the particular property stolen. Under Act No. 64 of 1910, the value of the animal or animals stolen is not considered. Under Act No. 124 of 1874, the quantum and mode of imprisonment, within the maximum limit, is discretionary. Under Act No. 64 of 1910, the minimum penalty is imprisonment at hard labor for not less than one year. Under the statute of 1874, the theft of cattle worth less than $100 cannot be punished by imprisonment at hard labor for more than two years. Under the statute of 1910, the stealing of a cow worth $25 may be punished with imprisonment at hard labor for five years. The possibility of imprisonment in jail for a brief period under the prior law is changed into imprisonment at hard labor for at least one year.

"Even though a penalty is only possible, and not necessary, the law is ex post facto as to past offenses." State v. Callahan, 109 La. 946, 33 South. 931, citing Commonwealth v. McDonough, 13 Allen (Mass.) 581.

The two statutes are repugnant in the particulars already mentioned, and the whole subject of cattle stealing is covered by the later one. Hence the earlier one was repealed by necessary implication. 12 Cyc. 143.

Judgment affirmed.