(53 South. 985.)

No. 18,521.

STATE v. JONES et al.

(Jan. 3, 1911.)

*(Syllabus by the Court.)*

FISH (§ 9*)—CRIMINAL LAW (§ 15*)—PUNISHMENT—REPEAL OF STATUTES BY IMPLICATION — OYSTERS—PROTECTION—STATUTORY PROVISIONS.

Where two criminal statutes on the same subject-matter are repugnant as to the punishment that may be inflicted, the earlier one is repealed by necessary implication. Where an offense was committed under a statute that has since been repealed expressly or by necessary implication, the accused cannot be punished, either under the old or the new law. Act No. 52 of 1904, relative to the oyster industry, was repealed by Act No. 189 of 1910.

[Ed. Note.—For other cases, see Fish, Dec. Dig. § 9;* Criminal Law, Cent. Dig. §§ 1, 16–20; Dec. Dig. § 15.*]

Appeal from Twenty-Ninth Judicial District Court, Parish of Plaquemines; James Wilkinson, Acting Judge.

Cleveland Jones and another were convicted of feloniously carrying away oysters and shells, and they appeal. Reversed.

Oliver S. Livaudais, for appellants. Walter Guion, Atty. Gen., and H. N. Nunez, Dist. Atty. (R. G. Pleasant, of counsel), for the State.

LAND, J. Defendants were charged by information with feloniously taking and carrying away two boat loads of oysters and shells, which had been planted and bedded

by a certain licensee, under Act No. 52 of 1904, as amended by Act No. 178 of 1906, and Acts No. 167 and 291 of 1908.

Cleveland Jones and George Gray were tried before the judge, were found guilty, and were each sentenced to pay a fine of $50 and costs, and to imprisonment in the parish jail for one year.

The accused have appealed, and rely on several pleas and demurrers for the reversal of their sentences.

The offenses charged were committed prior to the passage of Act No. 189 of 1910, to regulate the oyster industry, to provide penalties and forfeitures for the violation of the act, and to repeal all laws or parts of laws in conflict therewith, and more especially Act No. 52 of 1904, as amended, etc.

The accused contend that the penalties prescribed by Act No. 52 of 1904 have been repealed by Act No. 189 of 1910, and that the latter act is ex post facto as to the offense charged against them. A comparison of the two acts will show that there is an irreconcilable conflict between the penalties prescribed. The latter act increases the minimum penalty of imprisonment from 30 to 90 days, and also the minimum and maximum fine. The maximum imprisonment is the same, but the act of 1910 provides for imprisonment in the parish jail, while the act of 1904 prescribes imprisonment "with or without hard labor."

In the recent case of State v. Denis Hickman and D. Smith, ante p. 442, 53 South. 680, we said:

"The two statutes are repugnant in the particulars already mentioned, and the whole subject is covered by the latter one; hence the earlier one was repealed by necessary implication."

Where two criminal statutes are repugnant as to the punishment that may be inflicted, they cannot stand together. In the case at bar, the repugnancy is more marked

127 LA.—25

than in State v. Hickman, supra, or in State v. Callahan, 109 La. 946, 33 South. 931.

It is therefore ordered that the sentences below be reversed, and that the accused be discharged without day.