BREAUX, C. J.
The defendant was called upon to answer an indictment charging him with the theft of a cow, on the 27th day of June, 1910, valued at $20.
He was indicted on the 2d day of July, 1910.
I-Ie was arraigned on the 24th day of July, 1910.
I-Iis plea was that he was not guilty.
On the 11th day of November following he withdrew his plea of not guilty, and entered a plea of guilty.
Three indictments were found against him by the grand jury.
He entered his plea of guilty in answer to each indictment
Having employed counsel after he had entered the plea of guilty, on November 25, 1910, he filed a motion to withdraw his plea of guilty and to be permitted to plead not guilty.
His reasons for withdrawing "his plea of guilty was that the- law under which he pleaded guilty had been repealed at the time, of which repeal he knew nothing.
The court overruled the motion, and declined to allow the defendant to withdraw his plea.
The court found the defendant guilty, and condemned him to serve in the penitentiary for a term of two years.
From the judgment and sentence, he prosecutes this appeal.
The refusal of the trial judge to permit the defendant to withdraw his plea of guilty is of no importance; it was intimated by him at the time that the ground (viz., the repeal of the law under which defendant was indicted) could be pleaded on motion in arrest of judgment, and that he would then give them consideration and pass upon the question.
That was done, and the issue is now before this court, brought up in a formal manner.
The grounds are, substantially that the law under which he was indicted had been repealed by Act No. 64 of 1910. The punishment under this statute was imprisonment at hard labor for not less than one year or more than five years.
The statute at the time of the crime charged was Act No. 107 of 1902.
The penalty under the statute is imprisonment with or without hard labor, not exceeding two years, and not less than three months.
This last act denounces in general terms the larceny of property of value of $20 or over that amount.
*954 The terms of the statute include all property; that is, the stealing of cows' as well as the theft of other property.
The stealing of a cow was an offense under the general law; the stealing of a cow is an offense under Act 64 of 191Ó.
The last act repeals the first.
If this act had not been adopted, the defendant would have been convicted under Act No. 107 of 1902, the only act on the subject before the new statute was enacted.
The penalty under the old law has not only been increased by the new law, but in some respects changed.
The act which has the effect of a repealing act contains no clause for the purpose of keeping alive the statute of anterior date.
It sometimes happens that the foreseeing legislator will insert a clause in an act continuing the repealing act in force as to crimes before the change and repeal effect.
Here, there was nothing of the kind.
The subject has received consideration recently, and the court’s view was, quoting approvingly from the Callahan Case, 109 La. 946, 33 South. 931:
“Even though a penalty is only possible and not necessary, the law is ex post facto as to the past offenses”—and citing Commonwealth v. McDonough, 13 Allen (Mass.) 581; also 12 Cyc. 143. State of Louisiana v. Dennis Hickman and Dorris Smith, Nos. 18,497, 18,498, ante, p. 442, 53 South. 680.
A similar issue was presented in a comparatively recent decision. State v. Jones & Gray (No. 18,521) ante, p. 768, 53 South. 985. The court quoted from the Hickman Case, cited supra, and again the court approvingly referred to State v. Callahan, 109 La. 946, 33 South. 931.
Quotation from the Hickman Case:
“The two statutes are repugnant in the particulars already mentioned, and the whole subject is covered by the latter; hence, the earlier one was repealed by necessary implication.”
Where the criminal statutes are repugnant as to the punishment that may be inflicted, they cannot stand together. I
It is true that a different view was expressed in State v. White et al., 49 La. Ann. 127, 21 South. 141. The court in the White Case mentions “presumption” as follows;
“No such repeal could well rest in the presumption of the legislator to release the offender from prosecution under the pending indictment.”
We must say that it is not a question of presumption.
In another case, about the same time, State v. Young, 49 La. Ann. 72, 21 South. 142, the court did not find that there was a contrary intention expressed or intended, having the effect of a repealing statute, referring to the statute considered in that case. The court said that the case was in its nature exceptional.
Be that as it may, beginning with the case reported in 109 La. 946, 33 South. 931, cited supra, a leading case, the court has adhered to the view that, under the ex post facto provisions of the Constitution the statute is repealed by subsequent statute increasing the penalty.
Now as to the plea of guilty.
It is of no avail for the prosecution, as the statute had been repealed. State v. Watson, 41 La. Ann. 598, 7 South. 125.
There can be no judgment, even on a plea of guilty after the law has been repealed. Whitehurst v. State, 43 Ind. 473.
The able prosecuting officers are to be commended. They have not attempted to argue against all reason.
In the two cited cases, recently decided, the prosecution filed elaborate briefs, in which they argued with ability that the old law had not been repealed.
The prosecuting officers invite our attention to their briefs in the cited cases, and state that, “in view of the decision” in the case of Hickman, before cited, holding against the state, little can be said except to invite “our attention to former briefs.”
This is as it should be. The prosecuting *956 officers, while vigorously prosecuting whenever there is the least cause, should not take positions that savor of the overstrenuous.
For reasons stated, the law and the evidence being in favor of the defendant and against the state, it is ordered, adjudged, and decreed that the verdict, sentence, and judgment are annulled, avoided, and reversed, and the defendant is discharged without day.