On the Merits.
We pretermit consideration of the bills reserved by defendants to the overruling of their demurrer and motion to quash, and to the finding by the trial judge, as a matter of judicial cognizance, that “Pabst blue ribbon beer” is intoxicating, as we are of opinion that the conviction and sentence complained of must be set aside for another reason, to wit:
Defendants were charged, on June 26, 1914, with conducting and operating “a public nuisance, commonly known as a ‘blind tiger,’ ” under an ordinance of the police jury which declares that any one convicted of that offense^—
“shall be fined not less than eighty nor more than one hundred dollars, and, in default of payment, shall work out the same on the public roads, at the rate of one dollar per day, or shall suffer imprisonment not less than ten, and not more than thirty days, at the discretion of the court, and that, for each twenty-four hours that the nuisance is maintained, it shall be deemed a separate offense.”
Thereafter, on July 8, 1914 (pending defendants’ appeal to this court) the General Assembly enacted a law — No. 146 of the Session of 1914 — defining and denouncing the offense of “keeping a blind tiger,” and declaring that any one convicted thereof—
“shall be fined not less than $200 nor more than $500 and be imprisoned for not less than thirty days nor more than six months, and on default of the payment of the fine and costs he shall be imprisoned for not more than six months additional.”
It is evident that defendants cannot be sentenced under the ordinance, for (assuming it to have been competent legislation) it has been superseded by the statute; and it is equally evident that they cannot be sentenced under the statute, which is ex post facto, quoad the offense with which they are charged, imposes a severer minimum penalty than the ordinance, and contains no saving clause.
“No conviction can take place for an offense after the statute creating it has been repealed. Therefore, if a prior law has been superseded by a statute inconsistent therewith, offenses already committed under the prior law cannot be punished, unless there is a saving clause, for the prior law is no longer in force, and the subsequent statute is not applicable to the offense already committed, because as to such offense it is ex post facto. There can be no legal conviction for an offense, unless the act complained of be contrary to law at the time it is committed, nor can there be a judgment, unless the law be in force at the time the indictment is found and the judgment rendered thereunder.” McClain, Or. Law, vol. 1, p. 96.
“An ex post facto law * * * is a law which makes an act criminal which was not criminal when done, or which, with reference to *899 a crime already committed, increases the punishment, or makes it harder for the accused to defend himself against the charge.” Id. p._ 78.
“It has been long settled, on general principles, that, after the expiration or repeal of a law, no penalty can be enforced, nor punishment inflicted, for violations of the law committed while it was in force.” Yeaton et al. v. United States, 5 Cranch, 281, 3 L. Ed. 101.
See, also, Kring v. Missouri, 107 U. S. 221, 2 Sup. Ct. 443, 27 L. Ed. 506; State ex rel. Theus v. Judge, 109 La. 236, 33 South. 209; State v. Callahan, 109 La. 946, 33 South. 931; State v. Smith, 118 La. 248, 42 South. 791; State v. Hickman, 127 La. 442, 53 South. 680; State v. Jones, 127 La. 768, 53 South. 985; State v. Guillory, 127 La. 951, 54 South. 297; Clark’s Cr. Law, 26.
The questions thus dealt with have been somewhat more fully considered in the case of State v. Hagen, 67 South. 935,[1] this day decided; and, for the reasons assigned in that case, as well as those above given, it is ordered and decreed that the conviction and sentence appealed from be set aside, and the defendant's discharged.
PROVOSTY, LAND, and O’NIELL, JJ., concur in the decree on the ground that the police jury was without authority to pass the ordinance in question.
O’NIELL, J., is of the opinion that this conrt is without jurisdiction of this appeal, for the reasons assigned in the case of State v. Hagen, 67 South. 942, decided this day.

Ante, p. 868.