OVERTON, J.
Defendant is charged by bill of information with! having committed perjury by swearing, on January 12, 1917, before the deputy registrar of voters for the parish of Tangipahoa, while making application to register, that he was a citizen of the United States and of the state of Louisiana, and entitled to register under the Constitution and laws of the state of Louisiana; whereas, he knew in truth and in fact at the time that he was not a citizen of the United States and of the state of ■ Louisiana, and not entitled to register. The bill of information negatives prescription.
Defendant filed a motion to quash this bill, which motion, after hearing, the lower court maintained. The state has appealed from this ruling.
[1] The motion alleges several grounds for quashing the bill, but it is necessary to mention and consider only one of them, and that one is that section 28 of Act 195 of 1916, the section upon which the prosecution is based and the law in force at the time of the alleged commission of the offense, has been repealed by section 10 of Act 166 of 1920; and that the repeal operates as a legislative pardon.
Section 28 of Act 195 of 1916, the act upon which the prosecution is based, reads:
“That the respective registrars of voters shall each have the power to administer oaths to any person claiming the right to be registered or in regard to any matter or thing required to be done or inquired into by any of said officers under this act and any willful false swearing by any person in relation to any matter or thing concerning which he shall be interrogated by any of said officers, shall be punished as perjury.”
The penalty for perjury is imprisonment at bard labor for not exceeding five years. Act No. IS of 188S.
Section 10 of Act 166 of 1920 amends and re-enacts section 28 of tbe Act of 1916, the section above-quoted, so as to make it read as follows:
“That the respective registrars of voters, or their deputy registrars, shall each have the au-'' thority and power to administer an oath to any person in regard to any matter or thing required to be done or inquired into by any of said officers under this act, and any false swearing by any person in relation to any matter or thing concerning which he shall be interrogated by any of the above said officers, shall he, unless otherwise provided for, deemed a felony, and upon conviction thereof, shall be imprisoned for not less than sixty (60) days nor more than one (1) year, with or without hard labor.”
The repealing clause of tbe act of 1920 is as follows:
“That all laws and parts of laws contrary to or in conflict herewith be and the same are hereby repealed.”
By a comparison of the old section with tbe new, it appears that one of the reasons that the Legislature had for amending arid re-enacting the old section was to change the penalty from that of perjury, which is necessarily imprisonment at hard labor for a term not exceeding five years, to imprisonment for not less than sixty days nor more than one year, either in the parish jail or state penitentiary, as tbe court might see proper.
It would therefore seem that the old penalty no longer exists, unless some saving clause can be found that keeps it in force for the punishment of offenses committed under the old section and before the passage of the new. We are unable to find any such clause, and none has been pointed out. The expression, in the new, which reads, “unless otherwise provided for,” to be found in that part of the section which declares that any false *657 swearing, under the act, shall be deemed, “unless otherwise provided for,” a felony, and punished with or without hard labor for the period above stated in this opinion, does not have the effect of a saving clause. It does not continue in force the old section for the punishment of offenses committed under the act of 1916. Its purpose is- to serve as an exception to the general penalty for false swearing, denounced by the section, by preserving such special penalties as the lawmaker may have provided for special instances.
As the minimum penalty prescribed by the old section, has been increased in a sense;' and also, as the penalty has been changed from imprisonment necessarily at hard labor to imprisonment with or without hard labor, and the maximum penalty reduced, the two penalties are repugnant to each other, and the earlier is repealed. State v. Hickman et al., 127 La. 442, 53 South. 680; State v. Callahan, 109 La. 946, 33 South. 931. The legislative intention was that the new section should take the pla^e of the old. Cyc. vol. 36, p. 1096.
[2] This repeal, without a saving clause, opez-ates as a legislative pardon to the accused.
For the reasons assigned, the judgment of the lower court is affirmed.