ROGERS, J.
Relator was recently tried in the district court on the parish of Jefferson on an information charging him with assault with a dangerous weapon, “to wit, a pistol,” was found guilty and sentenced to pay a fine of $200, and to be imprisoned in the parish jail for a term of 60 days.
These writs are sought to prevent the trial judge from executing the sentence.
Relator avers that he was charged and convicted under the provisions of Act 107 of 1902; that said act, which had repealed all prior laws on the subject-matter of his alleged offense, was itself repealed by Act 64 of 1910. He alleges that Act 107 of 1902 is unconstitutional as expressing more than one object in its title and as being broader in body than in title.
Relator further complains that the sentence imposed upon him was greater than prescribed by the statute.
The respondent judge admits the sentence, but denies its illegality. He avers that relator was tried and convicted under the provisions of section 793, and sentenced under the provisions of section 982, of the Revised Statutes. He denies that Act 107 of 1902 is unconstitutional or that its constitutionality was questioned by relator. He avers that if it be found that section 793 of the Revised Statutes is repealed by Act 107 of 1902, this case should be remanded, in order that relator may .receive sentence in accordance with said statute.
 There was no demurrer, nor other plea, filed by relator attacking the constitutionality of Act 107 of 1902, and there was no contestation of that issue in the court below. As relates to that question therefore, the case is not properly before this court for review.
Section 793 of the Revised Statutes denounces and provides punishment for two separate and distinct offenses, viz. assault with a dangerous weapon and assault with intent to kill.
*290 By the provisions of Act 107 of 1902 (section 1) the offense of assault, other than by willfully shooting at or with intent to murder, rape, rob, kill, or commit other crimes, is graded, and the minimum and maximum penalties provided therefor.
The statute repeals all laws or parts of laws in conflict with, or inconsistent with, its provisions.
It follows from the foregoing that section 793 of the Revised Statutes, in so far as it denounces and provides a penalty for the offense of assault with a dangerous weapon, has been repealed by the provisions of Act 107 of 1902, and that the latter statute is the only law now in force denouncing and punishing said offense. The basis, therefore, for the information against relator, and his prosecution thereunder, was Act 107 of 1902 and not section 793 of the Revised Statutes.
Act 107 of 1902 reads in part:
“ * * * Whoever shall with a dangerous weapon, assault another person shall he fined not more than one hundred dollars, nor less than ten dollars, or imprisoned not more than three months, nor less than ten days, or both, at the discretion of the court.”
Inasmuch as the fine imposed upon relator was $200, while the maximum fine permitted by the statute is $100, the sentence in that respect was illegal, and it must be set aside.
We are unable to concur in the view of relator that Act 107 of 1902 has been repealed by Act 64 of 1910. While the syllabus of the case of State v. Guillory, 127 La. 951, 54 South. 297, cited in support of the contention, is to that effect, the syllabus is not borne out by the decision itself.
Act 64 of 1910 denounces the stealing of a cow, calf, bull, or any other specie of cattle as a felony, and provides a penalty therefor. Defendant Guillory was charged under Act 107 of 1902 with the theft of a cow valued at $20. In his case, it was held that Act 64 of 1910 repealed Act 107 of 1902, in so far as the larceny of cattle was concerned, and that, as the offense charged had been committed prior to the adoption of the former act, to which no saving clause was attached, there could be no conviction for said offense. We did not decide in that case that the provisions of the law covering the offense of assault with a dangerous weapon had been repealed by the Act of 1910.
Eor the reasons assigned, it is therefore ordered, adjudged’, and decreed that the writs herein applied for be made peremptory, and, accordingly, that the respondent judge be, and he is hereby, prohibited from executing the sentence herein imposed upon relator, that said sentence be, and it is hereby, annulled and set aside, and this case is remanded, with directions to the trial judge to impose such sentence upon relator as will be in accordance with the views herein expressed and according to law.