On Rehearing.
 

 BRUNOT, J.
 

 The accused was indicted, tried, convicted, and sentenced for the crime of larceny. From the verdict and sentence he appealed. There are nine bills of exception in the record.
 

 In our original opinion we correctly found, for the reasons stated therein, that there was no merit in bills Nos. 5 and 6, but we erroneously grouped the remaining bills upon the theory that the same question was raised by each one of them, viz. the interpretation of Act 33 of 1926. This is, in effect, true, but bill No. 1 was reserved to the overruling of a motion to quash the indictment. The only issue before the court when this motion was heard was whether the indictment, on its face, was defective. In determining this question the court could not anticipate what facts might be subsequently established during the actual trial of the ease. The indictment was returned under the provisions of Act 107 of 1902. It follows the wording of the statute, and is drawn correctly and in strict conformity to every requirement of the general larceny act. Finding no defect in the indictment itself, the court properly overruled the motion to quash it.
 

 Bill No. 2 was reserved to the overruling of defendant’s objection to going to trial upon the indictment. The same reasons are urged in support of this bill as were urged in support of the motion to quash the indictment. As relates to this bill, the contention of the accused really means nothing more than that, in view of the facts which he anticipates will be developed on the trial, it will be found that he is being prosecuted under the wrong statute. If trials could be
 
 *131
 
 stayed upon such flimsy pretexts, the agencies of government, instituted for the enforcement of its laws, would be sadly in need of reformation.
 

 Bills Nos. 3, 4, and 7 were reserved to the overruling of defendant’s objection to state witnesses Dewey Evans,. T. J. Creel, and Floyd Reed being permitted to testify in the case. After these witnesses were sworn, the defendant objected to their giving any testimony whatever in the case, upon the ground that the accused was prosecuted under the wrong statute. We think the state had a perfect right to adduce the facts of the case by competent proof. Until that was done, there was nothing before the court upon which defendant could base a meritorious complaint. Timely objections, however, were made by defendant’s counsel to certain testimony given by the witnesses named, and these objections, together with the two remaining bills of exception, Nos. 8 and 9, require an interpretation of Act 33 of 1926. In our original opinion we quoted the act in full, and said:
 

 “IV. It will be observed that section 1 defines a new offense, which it declares to be a misdemeanor, and punishable only by fine and imprisonment in the parish jail, regardless of the value of the stolen parts. And section 2 is in substance, if not in form, simply a
 
 proviso,
 
 which, however, is clearly repugnant to the main enactment, since it purposes to leave the same offense still
 
 larcemj,
 
 and punishable as such. Vide Act 107 of 1902, § 5; Act 124 of 1874. But ‘the true rule is that a proviso or saving clause which is directly repugnant to the purview or body of the act is inoperative and void for repugnancy.’ ” 25 R. C. L. 987; Verbo Statutes, § 232. Cf. State v. McClellan, 155 La. 37, 98 So. 748, 31 A. L. R. 527; State v. Hickman, 127 La. 442, 53 So. 680.
 

 “V. The trial judge in his per curiam says: ‘The evidence in this case shows that the articles stolen were on an automobile and attached thereto at the time they were stolen.’ Hence our conclusion is that the state should have proceeded in this case under the provisions of Act 33 of 1926, and not as it did, under the provisions of Act 107 of 1902, and that the defendant is entitled to his discharge herein, without prejudice, however, to the right of the state to proceed under the later act.”
 

 We have carefully reconsidered this case, and find that, as relates to bills of exception Nos. 8 and 9, our original opinion and decree are correct, and they are therefore reinstated and made the final judgment of the court.
 

 O’NIELL, O. J., adheres to his dissenting opinion.