O’NIELL, O.
 

 J. I respectfully dissent from the ruling in this case that the Act 33 of 1926 repealed all prior laws against larceny, in so far as they forbade the stealing of property or goods "consisting of automobile parts, accessories, or equipment belonging to, and attached to, an automobile. The second section of the act of 1926 declares that the act shall not be construed as-repealing, modifying, or amending any existing law or laws relating to the crime of larceny. No reason is suggested- — and there is-none that I can imagine — why it was not competent for the Legislature to enact this sav-
 
 *125
 
 ing clause, which, in effect, says that one who steals an automobile part or accessory or equipment belonging to and attached to an automobile shall be subject to prosecution and conviction either for committing the misdemeanor denounced by the act of 1926 or for committing either grand or petty larceny, according to the value of the article stolen. There is no inconsistency in such a statute, and nothing unconstitutional about it. To argue that it is essentially inconsistent would be the same as to have argued, in the days when the sale of intoxicating liquors was licensed, that the statute which forbade selling goods on a Sunday repealed the law which forbade selling intoxicating liquor to a minor, or the law against selling intoxicating liquor without a license, as to sales made on Sundays — to minors or without a license. There are some wrongs which are violative of several laws, and others for which the wrongdoer may be prosecuted and convicted under either one or another of two or more statutes. According to the plain language of the Act 33 of 1926, the defendant in this case, being accused of stealing property of a value not less than $20, but less than $100, and the fact being that .the property referred to consisted of automobile parts or accessories belonging to, and attached to, an automobile, was subject to prosecution and conviction either under section 5 of the Act 107 of 1902, p. 162, or under the Act 33 of 1926, p. 44. In the indictment for larceny under section 5 of the Act 107 of 1902, it was necessary to state the value of the article or articles alleged to have been stolen, but it was riot necessary to aver that the property consisted of automobile parts or accessories belonging to, and attached to, an automobile. If the indictment had been for stealing automobile parts or accessories attached to an automobile, under the Act 33 of 1926, it would have been necessary to charge that the property was of that description, but it would not have been necessary to state its value.
 

 The decisions cited in support of the majority opinion in this case are distinguishable from this case, in that the later statute, which was held to repeal the previous statute, in each of the cases cited, contained a general repealing clause, without any proviso or saving clause whatever. In State v. Hickman, 127 La. 442, 53 So. 680, for example, it was held that the Act 64 of 1910, making cattle stealing a felony, subject to punishment in the penitentiary for. a term not less than one year nor more than five years, and repealing all laws or parts of laws in conflict therewith, repealed the .prior statutes on the subject of larceny, as to the stealing of cattle, because the statute against cattle stealing did not contain any proviso or saving clause regarding the previous laws on the subject. In that case the repealing act was an ex post facto law, the crime having been committed — if committed at all — before the statute was enacted, and the ruling was that the statute had the effect of a legislative pardon. And so will the Act 33 of 1926 have the effect of pardoning all persons theretofore guilty, but not yet convicted, of stealing automobile parts or accessories attached to an automobile, notwithstanding the Legislature protestation that the statute should have no such effect. The third section of the act makes the further proviso that the act shall not affect any case or cases pending at the time when the statute went into effect; but the only case or cases that could have been pending then were prosecutions for larceny; and, if the laws against larceny were unavoidably repealed by the act of 1926, there can be no prosecution at all for the stealing of automobile parts or accessories attached to an automobile in cases where the statute of 1926 is ex post facto. The decision in State v. Hick
 
 *127
 
 man, supra, was followed by tbe ruling in State v. Thomas, 149 La. 654, 89 So. 887, that:
 

 “Act No. 166 of 1920, § 10, re-enacting Act No. 195 of 1916, § 28, relating to oaths to persons claiming the right to register as voters, and punishing perjury in relation thereto, * * *
 
 -thus being without a saving clause,
 
 and increasing the minimum, and reducing the maximum, penalty prescribed by the old section, and changing the imprisonment to with or without hard labor repealed such old section by a general repealing clause as to all conflicting laws.” (Italics are mine.)
 

 In that case the court said also:
 

 “It would therefore seem that the old penalty no longer exists,
 
 unless some saving clause can be found that keeps it in force for the punishment of offenses committed under the old section and before the passage of the new.
 
 We are unable to find any such clause.” (Italics are mine.)
 

 Hence the court said:
 

 “This repeal, without a saving clause, operates as a legislative párdon to the accused.”.
 

 The ruling in State v. McClellan, 155 La. 37, 98 So. 748, 31 A. L. R. 527, was that the Act 86 of 1890 was repealed by the Act. 11 of 1915 (Ex. Sess.) both statutes having for their object the protection of trade and commerce against unlawful restraints, combinations, conspiracies, and monopolies; and that, although the district attorney had before him the act of 1890 when he prepared the indictment, and wrote it with reference to that statute only, nevertheless the indictment, being drawn substantially in the language of the act of 1915, on the same subject, was a valid indictment under the act of 1915. The court said:
 

 “Of course, the defendant could not be prosecuted under the repealed statute, but, as the indictment follows the language of the later act, it is sufficient, if it is otherwise legal, and the defendant is brought within its terms.”
 

 The point is that, in that case, there was no proviso or saving clause in the repealing act to prevent its repealing any specified prior statute in any given case, as there is in the Act 33 of 1926. The quotation from 25 R. O. L. 987, § 232, in the majority opinion in this case, “The true rule is that a proviso or saving clause which is directly repugnant to the purview or body of the act is inoperative and void for repugnancy,” has no application to the Act 33 of 1926, because the proviso or saving clause in the act is not at all repugnant to the purview or body of the act. The doctrine quoted from 25 R. O. L.'987, is followed immediately by this illustration:
 

 “Thus it has been held that where a statute for the licensing of peddlers declares that the license shall be issued to the applicant for the term of one year from the date thereof, a proviso to the effect that the licenses shall terminate on the second Monday of January succeeding the year in which they are issued is void for repugnancy to the principal part of the law.”
 

 Surely there is no such repugnancy in the Act 33 of 1926. In the same section (232) of 25 R. C. L. p. 986, it is said:
 

 “The fundamental principle that effect should be given to all parts of a statute requires that some effect should be given to a proviso when that can be done in accordance with the recognized rules of construction. * * * A construction of a proviso which would make it plainly repugnant to the body of the act should be rejected, if possible.”
 

 I cannot see any repugnancy at all in the proviso.to the body of the Act 33 of 1926. The proviso merely says that the act shall not be construed as repealing, modifying, or amending any existing law or laws relating to the crime of larceny, which means that one who steals an automobile part or accessory attached to an automobile may yet be prosecuted and convicted of the crime of grand or petty larceny, according to the value of the property stolen. The proviso could not possibly have any other meaning, because, without the proviso, the statute could not possibly be construed as repealing, modifying, or amending any existing law or laws relating to the larceny of any other property than automobile parts or accessories attached to an automobile.
 

 
 *129
 
 It is not — and could not be — disputed that the indictment in this case was a valid indictment for larceny of property worth not less than $20, but less than $100, for it was not stated in the indictment that the articles stolen were parts or accessories belonging and attached to an automobile. The ruling about to be rendered is that the defendant is not guilty of the crime of larceny because the evidence showed that the articles which he stole were parts or accessories belonging, and attached, to an automobile; hence it follows that the indictment itself would have been invalid if it had contained the statement that the automobile parts or accessories which the defendant stole belonged to, and were attached to, an automobile.
 

 The effect of this decision is to write a statute for the Legislature which the Legislature itself declared it was not willing to enact. 'We know — because we are informed by the proviso in this act of 1926 — -that the Legislature did not intend that this statute should repeal the laws against grand or petty larceny so far as they forbade the stealing of automobile parts or accessories belonging, and attached, to an automobile. Therefore, if I could agree with the majority opinion that the proviso in this act is so repugnant to the body of the act as to make the one stultify the other, I would maintain that the act is unenforceable, but not that the Legislature has repealed or amended or modified in any way the laws against grand or petty ’ larceny, so far as they forbid the stealing of parts or accessories belonging, and attached, to an automobile. I have no doubt that the Legislature will repeal the act of 1926, since it has been construed as the Legislature declared it should not be construed; but it will be necessary then for the Legislature to go further and to re-enact the laws against grand and petty larceny, so far as the court has held those laws repealed. We ought to avoid all' of that by declaring the act of 1926 void, if its body and its proviso are so repugnant to each other that the one or the other is unenforceable. My own opinion, however, is that there is no repugnancy.