LAND, Justice.
 

 Relator was tried in the city court of the City of Shreveport on two charges of vagrancy. The charges were made against relator in separate affidavits. The affidavit on behalf of the state of Louisiana concludes, “Contrary to the form of the statute of the State of Louisiana, in such cases made and provided, and against the peace and dignity of the same. * * * ” ■
 

 The affidavit on behalf of the City of Shreveport- concludes, “In violation of the ordinances of the City of Shreveport, Louisiana, in such cases made and provided, and against the peace and dignity of the same. * * * ”
 

 Relator was not represented in the city court of the City of Shreveport by counsel.
 

 He was arraigned on the state charge and pleaded not guilty, was tried and found guilty, and was sentenced to pay a fine of $30 and costs or 30 days’ imprisonment, and to serve 30 days’ imprisonment. The appeal bond of relator was fixed in the state case at $70, and appeal was granted to the district court for the parish of Caddo.
 

 Relator was arraigned on the city charge, and pleaded not guilty, was tried and found guilty, and was sentenced to pay a fine of $30 and to serve 30 days’ imprisonment and, in default of payment of fine imposed, to work the same out on the streets and alleys of the city or other
 
 *929
 
 public works, at the rate of $1 per day for each day of labor performed. The appeal bond of relator in the city case was fixed at $60, and appeal was granted to the district court of Caddo parish.
 

 As the city ordinance under which relator was convicted provides a maximum sentence of 10 days’ imprisonment, the district judge properly affirmed the conviction, but set aside the sentence and remanded the case to the city court so that defendant might be sentenced according to law. State v. Carson, 160 La. 1, 106, So. 653; State v. Quinn, 155 La. 287, 99 So. 222.
 

 But on >the trial de novo in the district court, when relator, through counsel, asked for information as to whether he was being prosecuted under the state law or under the police jury ordinance of Caddo parish as to vagrancy, which had been passed pursuant to Act No. 205 of 1908, the state proposed to amend the conclusion of the state affidavit so as to show that it was “Contrary to the form of the Ordinance of the Police Jury of Caddo Parish, Louisiana.”
 

 The proposed amendment was objected to by counsel for relator because the conclusion of the affidavit recited the offense as being “Contrary to the Statute of the State of Louisiana.”
 

 We have state vagrancy laws, city vagrancy ordinances, and police jury vagrancy ordinances, the offense in each case being against a separate and different jurisdiction.
 

 Relator was prosecuted in the city court for an offense against the state, and an offense against the City of Shreveport, but not for an ■ offense against the parish of Caddo, an entirely distinct political subdivision of the state. The amendment, therefore, allowed by the district court, was not the amendment of any affidavit originating in the city court of the City of Shreveport, upon which relator had been tried and convicted, and from which he had appealed to the district court. But it was a charge made for the first time in the district court, and against an entirely new and separate jurisdiction, the 'parish of Caddo. Manifestly, this cannot be done, as this was not a trial de novo on an appeal from the city court of the City of Shreveport, since relator had not been tried in that court at all for the violation of the vagrancy ordinance of the parish of Caddo.
 

 It is true that article 239 of the Code of Criminal Procedure provides that: “Any defect, error or omission in the caption, commencement or conclusion of an indictment may be amended.”
 

 While such amendments may be made, in a proper case, in a trial de novo on appeal, yet this article of the Code does not, by any. means, authorize the amend-* ment of an affidavit made in a city court so as to charge, for the first time, on appeal to the district court, a new offense against a separate and distinct political subdivision of the state, or a different jurisdiction.
 

 For the reasons assigned, it is ordered that the writs herein applied for be made peremptory, and, accordingly, that the respondent judge be, and he is hereby, prohibited from executing the sentence, herein imposed upon relator, under amend
 
 *931
 
 ment of the affidavit, charging relator with violation of an ordinance of the police jury of the parish of Caddo, and that said sentence be, and is hereby, annulled and set aside.